IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






No. AP-75,574






EX PARTE VALERIE SUE PERALES, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS

IN CAUSE NO. W-49452-01-C 

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY




 Johnson, J., delivered the opinion of the Court, in which Meyers, Price,
Keasler, Hervey, Holcomb, and Cochran, JJ., joined. Keller, P.J., concurred. Womack,
J., did not participate.


O P I N I O N



 Applicant was accused by indictment of delivery of a controlled substance, namely cocaine,
"by actual transfer to her unborn child, a person who is 18 years of age or younger." After pleading
guilty to the trial court, applicant was sentenced to seven years' incarceration. No direct appeal was
taken. Applicant now seeks habeas corpus relief.

 Applicant asserts that there is no evidence to support her conviction for delivering cocaine
to her unborn child and that her conviction and sentence are therefore illegal. Specifically, she
alleges: 1) no evidence or insufficient evidence to support a finding of actual delivery of a controlled
substance to her unborn child; 2) invalid or defective indictment, as there was no evidence or
insufficient evidence to legally indict her; and 3) illegal sentence because there was no evidence or
insufficient evidence to support a finding of delivery of a controlled substance to a minor, thus "the
sentence is illegal since the conviction is unjustified." Applicant also asserts that the facts of the
case do not support the charge, and in the discussion in her "Point of Error," she compares her case
to two recent cases, each of which involved the conviction of a woman for delivery of drugs to her
unborn child and both of which were reversed by the Amarillo Court of Appeals.

 In both Ward v. State, 188 S.W.3d 874 (Tex. App. - Amarillo 2006, pet. ref'd), and Smith
v. State, 2006 Tex. App. LEXIS 2370, 07-04-0490-CR (Tex. App. - Amarillo 2006, pet.
ref'd)(unpublished), a pregnant woman plead guilty to a charge based upon allegations of using a
controlled substance while pregnant and thereby delivering the substance to the unborn child. In
each case, the court of appeals found that the alleged transfer consisted of the ingestion by the
mother of a controlled substance, which eventually entered the unborn child's body through the
umbilical cord. No evidence suggested that the unborn child actually handled, touched, manipulated,
or otherwise exercised physical possession over the drug. The court of appeals concluded that, based
upon Tex. Health & Safety Code Ann. § 481.122, the statute that criminalized knowingly
delivering a controlled substance to a person younger than 18 years of age, the state had failed to
satisfy its burden to prove an actual transfer of possession from the pregnant mother to the child. 
Ward and Smith, supra. Therefore, the evidence that was introduced in support of each woman's
conviction for the crime alleged in the indictment was legally insufficient. On that basis, the court
of appeals vacated the judgments of the trial courts and rendered judgments of acquittal in each case. 
Id. This Court refused the state's petitions for discretionary review in both Ward and Smith.

 The state's answer points out that applicant in this case entered a plea of guilty pursuant to
a plea-bargain agreement and was sentenced accordingly. It argues that convictions based on
knowing, intelligent, and voluntary pleas of guilty "ought to be afforded the highest level of respect." 
It also suggests that a challenge to the sufficiency of the evidence is not cognizable by way of post-conviction habeas corpus.

 The habeas court in this case entered an order recommending relief. In that order, it found
that applicant plead guilty, was sentenced pursuant to a plea-bargain agreement, and waived any right
of appeal. It also found that, although plead as "no evidence or insufficient evidence" claims,
applicant's "real complaint is that her sentence is illegal because it has subsequently been determined
that a controlled substance that eventually entered into an unborn child's body via conveyance
through the umbilical cord is not a 'delivery' for purposes of § 481.122(a) of the Texas Health and
Safety Code." It concluded that "[o]ne cannot be convicted of something that is not a crime;
therefore, it is of no consequence that the Applicant failed to preserve error regarding the factual or
legal sufficiency of the evidence . . .."

 It is well settled that a challenge to the sufficiency of the evidence is not cognizable on an
application for a post-conviction writ of habeas corpus. Ex parte Grigsby, 137 S.W.3d 673, 674
(Tex. Crim. App. 2004). However, a claim of no evidence is cognizable because "[w]here there has
been no evidence upon which to base a conviction, a violation of due process has occurred and the
conviction may be attacked collaterally in a habeas corpus proceeding." Ex parte Coleman, 599
S.W.2d 305, 307 (Tex. Crim. App. 1978). If the record is devoid of evidentiary support for a
conviction, an evidentiary challenge is cognizable on a writ of habeas corpus. See Ex parte Brown,
757 S.W.2d 367, 368-69 (Tex. Crim. App. 1988); Ex parte Williams, 703 S.W.2d 674, 679-80 (Tex.
Crim. App. 1986).

 We agree with the Amarillo Court of Appeals' conclusions that an allegation of delivery of
a controlled substance by actual transfer to an unborn child cannot constitute delivery, which we
have held "contemplates the manual transfer of property from the transferor to the transferee or to
the transferee's agents or to someone identified in law with the transferee." Heberling v. State, 834
S.W.2d 350, 354 (Tex. Crim. App. 1992). We have also held that such a transfer occurs when the
defendant transfers or surrenders actual possession and control of a controlled substance to another.
See Thomas v. State, 832 S.W.2d 47, 51 (Tex. Crim. App. 1992); Nevarez v. State, 767 S.W.2d 766,
768 (Tex. Crim. App. 1989); Daniels v. State, 754 S.W.2d 214, 220 (Tex. Crim. App. 1988). Since
such an actual transfer delivery from a mother to her unborn child is not possible, we conclude that,
as a matter of law, delivery by actual transfer as alleged did not occur.

 The habeas court's findings are supported by the record. Accordingly, we grant relief. The
judgment in this cause is vacated and a judgment of acquittal rendered. A copy of this opinion shall
be sent to the Texas Department of Criminal Justice-Correctional Institutions Division.


Delivered: February 14, 2007

Publish