COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-329-CR

DELANA JO YOUNGBLOOD APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury convicted Appellant Delana Jo Youngblood of delivery of methamphetamine to a minor and delivery of marijuana to a minor,
(footnote: 2) both second degree felonies,
(footnote: 3) and assessed her punishment at twenty years’ confinement for each offense.  The trial court sentenced her accordingly. 
 The minor in question was Appellant’s unborn fetus.  Appellant challenges her convictions in four points.  Because we hold that no delivery occurred as a matter of law, we reverse the trial court’s judgment and render a judgment of acquittal on both counts.

In her first point, Appellant contends that she did not deliver a controlled substance to a person younger than eighteen years of age because there is no evidence of actual delivery.  We agree.  As both parties point out, during the pendency of this appeal, the Texas Court of Criminal Appeals addressed this same factual scenario.  In 
Ex parte Perales
, the Texas Court of Criminal Appeals held,

We agree with the Amarillo Court of Appeals’ conclusions that an allegation of delivery of a controlled substance by actual transfer to an unborn child cannot constitute delivery, which we have held “contemplates the manual transfer of property from the transferor to the transferee or to the transferee’s agents or to someone identified in law with the transferee.”  We have also held that such a transfer occurs when the defendant transfers or surrenders actual possession and control of a controlled substance to another.  Since such an actual transfer delivery from a mother to her unborn child is not possible, we conclude that, as a matter of law, delivery by actual transfer as alleged did not occur.
(footnote: 4)
 Like Perales, Appellant was charged with delivery of controlled substances by actual transfer to her unborn fetus.  This court is bound by the precedent of the Texas Court of Criminal Appeals and has no authority to disregard or overrule  it.
(footnote: 5)  Consequently, following 
Perales
, we hold that, as a matter of law, delivery by actual transfer as alleged did not occur.
(footnote: 6)  We sustain Appellant’s first point and do not reach her remaining points.
(footnote: 7)
 Having sustained Appellant’s first point, we reverse the trial court’s judgment and render a judgment of acquittal on both counts.
(footnote: 8)

PER CURIAM

PANEL F: DAUPHINOT, J.; CAYCE, C.J.; and LIVINGSTON, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  August 31, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
See 
Tex. Health & Safety Code Ann.
 §§ 481.102, 481.122(a) (Vernon 2003).

3:
See id.
 § 481.122(c).

4:
Ex parte Perales
, 215 S.W.3d 418, 420 (Tex. Crim. App. 2007) (citations omitted).

5:
Sierra v. State
, 157 S.W.3d 52, 60 (Tex. App.—Fort Worth 2004), 
aff’d
,  218 S.W.3d 85 (Tex. Crim. App. 2007).

6:
See
 
Perales
, 215 S.W.3d at 420.

7:
See 
Tex. R. App. P.
 47.1.

8:
See
 
Tex. R. App. P
. 43.2(c), 51.2(d); 
see also Perales
, 215 S.W.3d at 420.