COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO. 2-06-329-CR

 

 

DELANA JO
YOUNGBLOOD                                                   APPELLANT

 

                                                   V.

 

THE STATE
OF TEXAS                                                                STATE

 

                                              ------------

 

              FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








A jury convicted Appellant Delana Jo Youngblood
of delivery of methamphetamine to a minor and delivery of marijuana to a minor,[2]
both second degree felonies,[3]
and assessed her punishment at twenty years=
confinement for each offense.  The trial
court sentenced her accordingly.  The
minor in question was Appellant=s unborn
fetus.  Appellant challenges her
convictions in four points.  Because we
hold that no delivery occurred as a matter of law, we reverse the trial court=s
judgment and render a judgment of acquittal on both counts.

In her first point, Appellant contends that she
did not deliver a controlled substance to a person younger than eighteen years
of age because there is no evidence of actual delivery.  We agree. 
As both parties point out, during the pendency of this appeal, the Texas
Court of Criminal Appeals addressed this same factual scenario.  In Ex parte Perales, the Texas Court
of Criminal Appeals held,

We agree with the Amarillo Court
of Appeals= conclusions that an allegation
of delivery of a controlled substance by actual transfer to an unborn child
cannot constitute delivery, which we have held Acontemplates
the manual transfer of property from the transferor to the transferee or to the
transferee=s agents or to someone
identified in law with the transferee.@  We have also held that such a transfer occurs
when the defendant transfers or surrenders actual possession and control of a
controlled substance to another.  Since
such an actual transfer delivery from a mother to her unborn child is not
possible, we conclude that, as a matter of law, delivery by actual transfer as
alleged did not occur.[4]








Like Perales, Appellant was charged with delivery
of controlled substances by actual transfer to her unborn fetus.  This court is bound by the precedent of the
Texas Court of Criminal Appeals and has no authority to disregard or overrule  it.[5]  Consequently, following Perales, we
hold that, as a matter of law, delivery by actual transfer as alleged did not
occur.[6]  We sustain Appellant=s first
point and do not reach her remaining points.[7]

Having sustained Appellant=s first
point, we reverse the trial court=s
judgment and render a judgment of acquittal on both counts.[8]

 

PER CURIAM

PANEL F:    DAUPHINOT, J.; CAYCE, C.J.; and LIVINGSTON,
J.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED:  August 31, 2007











[1]See Tex. R. App. P. 47.4.





[2]See Tex. Health & Safety Code Ann. '' 481.102, 481.122(a) (Vernon 2003).





[3]See id. '
481.122(c).





[4]Ex parte Perales, 215 S.W.3d 418, 420 (Tex. Crim. App. 2007) (citations omitted).





[5]Sierra v. State,
157 S.W.3d 52, 60 (Tex. App.CFort Worth 2004), aff=d,  218 S.W.3d 85
(Tex. Crim. App. 2007).





[6]See Perales,
215 S.W.3d at 420.





[7]See Tex. R. App. P.
47.1.





[8]See Tex. R. App. P. 43.2(c), 51.2(d); see
also Perales, 215 S.W.3d at 420.