APPEAL NO. WR-81,972-04

81,972-05

| | | |
|---|---|---|
| BOBBY DREW AUTRY | § | IN THE COURT OF CRIMINAL |
| vs. | § | APPEALS OF TEXAS AT |
| THE STATE OF TEXAS | § | TRAVIS COUNTY, TEXAS |

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUN 05 2015

Abel Acosta, Clerk

MOTION FOR WRIT OF MANDAMUS

TO THE HONORABLE COURT OF APPEALS:

COMES NOW, Bobby Drew Autry, the Movant herein, and files this, his motion for writ of mandamus, to compel the 291st Judicial District Court to produce exculpatory evidence and to appoint the Movant with counsel for the ordered evidentiary investigation, and in support thereof would show the Court as follows:

I

The Movant, by and through court appointed counsel, Gary D. Unell, pled guilty to and was sentenced to five (5) years in the Texas Department of Criminal Justice - ID for the offense of indecency with a child by contact on April 13, 2004. The sentence began on April 13, 2004 and back time was granted to January 18, 2003. The Movant was released from TDCJ - ID on January 18, 2008.

II

The Movant filed for Writ of Habeas Corpus on July 17, 2014. The State filed its initial response on August 1, 2014. The Movant filed a supplemental memorandum on September 17, 2014 all as the record reflects. The State filed a supplemental response to Movant's writ of habeas corpus on May 29, 2015. The Movant now files a rebuttal to State's supplemental response alleging that the Reporter's non-transcribed notes are missing and or destroyed. The Reporter's Record is clearly altered and or manufactured. On page 3 line 3 the record clearly shows the Movant's name as being Bobby

1

Drew Autry, and the Cause No. is F03-25657. [The current cause no. is W03-25657-U(A)]. On page 6 line 24-25 the Movant's attorney is recorded as saying the Movant's name is Bobby Gene Autry. The Movant's attorney did not say this in Court on April 13, 2004. He definitely knew what the Movant's name was. He wouldn't have stated Movant's name as being something other than what it was. On page 7 lines 5-7 the Movant is recorded as saying his name is Bobby Gene Autry. The Movant submits that these are not simple typo mistakes. The two words have very different sounding pronounciations. (Drew vs. Gene). On page 9 lines 19-21 the Court itself is recorded as saying that Movant's name is Bobby Gene Autry after earlier stating the Movant's name as being Bobby Drew Autry. On page 10 lines 10-12 the Court goes off the record. On page 15 lines 18-20 the Court again is recorded as saying Bobby Gene Autry. Page 16 line 1 the Movant is again recorded as stating his name as being Bobby Gene Autry. The Movant has never stated his name as being Bobby Gene Autry. The Movant asserts that these records are a product of fabrication. And he further asserts that the Reporter's non-transcribed notes are missing and or destroyed.

III

On October 6, 2011 the Court of Appeals Fifth District of Texas at Dallas ordered the 291st Judicial District Court to produce missing Reporter's Records from April 13, 2004. The Movant was never contacted as this order states he should be. The Movant would have wanted to prosecute the appeal. On January 6, 2012 the Court of Appeals Fifth District of Texas at Dallas filed two (2) more orders to have the 291st Judicial District Court produce the missing records. The Movant is not aware of the date the current Reporter's Record was filed. The Movnat submits that this period

2

of time was sufficient to alter and fabricate this record. The M-ovant would request this Honorable Court to order the original non-transcribed notes to be produced.

IV

The Movant submits that the A.D.A. Erin Hodge had exculpatory evidence on April 13, 2004. The Complainant's had recanted and told the A.D.A. Erin Hodge that they wrote no statements against the defendant. The Movant's attorney did not act on this evidence or file for a directed verdict of not guilty. He simply did not act on this evidence. He further went along with the State having the Movant sign a Judicial Confession. If the State's only evidence, the judicial confession, had been objected to by counsel, the State would have no evidentiary support to convict.

A claim of no evidence is cognizable on habeas because where there is no evidence to support a conviction, the Movant's due process rights are violated. See; Ex Parte Perales, 215 S.W. 3d 418, 419-29 (Tex. Crim. App. 2007). However, a no-evidence challenge is cognizable only where the record is "devoid" of evidentiary support for a conviction. See Id at 420. Without the Judicial Confession the State held no evidence. Had the Movant's counsel objected to the judicial confession, and the Judge overrule the objection, the Judge would have erred in that the Complainant's had recanted and maintained that they wrote no statements against the defendant. Therefore there was no allegations of any crimes ever taking place. The Movant now shows the Court that all parties present knew of the judicial confession prior to the hearing. As well as all parties knowing of the recantations prior to the hearing. The Movant submits this is prejudice and bias.

3

## V

The Movant would now request this Honorable Court to order the 291st Judicial District Court to produce the exculpatory evidence, [The Complainant's Recantations], or deposition of Erin Hodge and Gary D. Unell, to record their knowledge of the Complainant's Recantations. As well as why counsel did not object to the State's judicial confession. And why he did not act on the exculpatory evidence of the recantations. "An exception to the preservation of error requirement is a Constitutional Claim of Ineffective Assistance of Counsel where proper investigation or objection would have preserved the error and there is no proper reason why counsel did not act. See; Ex Parte Harrington, 310 S.W. 3d 452 (Tex. Crim. App. 2010).

## VI

The Movant maintains he is Actually Innocent of the crimes as charged in the indictment as demonstrated by the Complainant's Recantations. Complainant's Recantations are grounds for investigation, prayerfully with appointed counsel to Movant.

Federal due process is violated when an innocent person is incarcerated, and the Court has held that this applies wiether the defendant has pled guilty or not guilty, as ground for Writ of Habeas Corpus, applies with no less force when the conviction is obtained by a bench trial or a guilty plea. See; Ex Parte Tuley, 109 S. W. 3d 388 (Tex. Crim. App. 2002). Tex. Code of Crim. Proc. 64.03 (b) includes judicial confession. In cases involving a recantation by a Complainant or witness, counsel should request a "live hearing" because credibility is always a key issue. The importance of a Trial Court's finding on credibility is amply demonstrated by

the Court's brief opinion granting relief in; Ex Parte Harmon, 116 S.W. 3d 778 (Tex. Crim. App. 2002), in Harmon, the applicant alleged that he was actually innocent, as demonstrated by the Complainant's affidavit in which she stated that her trial testimony was false. In another case regarding a recantation by the Complainant's the Court granted relief on the basis of an involuntary plea; Ex Parte Zapata, 235 S.W. 3d 794 (Tex. Crim. App. 2007), the Court granted relief in the situation where the applicant was not aware, at the time he entered his plea, that the Complainant's had recanted their accusations against him and would not have testified against him at trial. The applicant had learned of the recantations after the entry of his plea. In this instant writ the Movant asserts that he did not know of the recantations until after he had already pled guilty and his fear of the Court and his being on heavy doses of psychotropic medications obstructed his ability to act and his counsel had the duty to act for the Movant.

VII

The Movant had absolutely no understanding of the proceedings against him. The Movant cannot waive a right that he does not understand, and nowhere in the record available to the Court is there any place that explains to the Movant what his right to a jury trial entails. He is not informed that the State has the burden of proof beyond a reasonable doubt on all elements of the offense. He is not informed of his right not to be a witness against himself at the trial. He is not informed that he is presumed innocent until the State proves each and every element beyond a reasonable doubt to all 12 jurors. He is not informed that if one juror doesn't find that he committed a crime beyond a reasonable doubt, he cannot be convicted. And nowhere in the record does it show that

5

the Movant is informed that he has the right to confront and cross examine anyone who says that he committed a crime against them.

The recantations of the Complainant's in this case are favorable to the Movant and it is material to this case. Maryland v. Brady, 373 U.S. 83 (1963); Napue v. Illinois, 360 U.S. 264 (1959), the State has the duty to disclose evidence favorable to the accused which is material to guilt or innocence or punishment, Kyles v. Whitley, 514 U.S. 419 (1995) this document bears on the actual innocence of the Movant, and it corroborates the Movant's assertion that an innocent man pled guilty because he was in fear of the system. This evidence is exculpatory, and to deny the Movant evidence that would show that he is unjustly incarcerated violates due process of law. U.S. Const. Amend. V and XIV; Tex. Const. Art 1 sec. 19; See also; Oklahoma v. Ake, 470 U.S. 68 (1985).

## MOVANT'S PRAYER

Wherefore, premises considered, the Movant prays that this Honorable Court will grant the Writ of Mandamus and order the 291 st Judicial District Court to produce the exculpatory evidence and to order the production of the non-transcribed notes of the Court Reporter. The Movant prays that this Honorable Court monitor the 291st Judicial District Court due to Movant's assertion that the District Court is not following the Court of Criminal Appeals orders as directed. MOVANT SO PRAYS.

RESPECTFULLY SUBMITTED:

Bobby Drew Autry #1701196
McConnell Unit
3001 S. Emily Drive
Beeville, Texas    78102

6

## INMATE'S DECLARATION

I, Bobby Drew Autry, the Movant herein, being incarcerated in the Texas Department of Criminal Justice - ID, McConnell Unit, do hereby declare under penalty of perjury that the above motion is true and correct to the best of my knowledge.

Bobby Drew Autry #1701196

Date Signed: May 31, 2015

## CERTIFICATE OF SERVICE

I, Bobby Drew Autry, the Movant herein, being duly sworn above, certify that a true and correct copy of the above motion was placed in the U.S. mailbox at the McConnell Unit in Beeville, Texas and served on the following: Court Clerk - Abel Acosta, Court of Criminal Appeals, P.O. Box 12308 Capitol Station, Austin, Texas 78711.

Bobby Drew Autry #1701196

Date Signed: May 31, 2015

APPEAL NO. WR-81,972-04

TRIAL COURT CAUSE NO. W03-25657-U(A)

========================================================

IN THE COURT OF CRIMINAL APPEALS

+++++++++++++++++++++++++++++++++++++++++++

BOBBY DREW AUTRY

APPLICANT

vs.

THE STATE OF TEXAS

TEXAS DEPARTMENT OF CRIMINAL JUSTICE - ID

WILLIAM STEPHENS, DIRECTOR THEREOF:
RESPONDENT
+++++++++++++++++++++++++++++++++++++++++++

REBUTTAL OF APPLICANT TO

STATE'S SUPPLEMENTAL RESPONSE

TO APPLICATION FOR WRIT OF HABEAS CORPUS

+++++++++++++++++++++++++++++++++++++++++++

Applicant Represented Pro Se

+++++++++++++++++++++++++++++++++++++++++++

IDENTITY OF THE APPLICANT
BOBBY DREW AUTRY #1701196

WILLIAM G. McCONNELL UNIT

3001 S. EMILY DRIVE

BEEVILLE, TEXAS 78102

+++++++++++++++++++++++++++++++++++++++++++

## ADDENDUM

The Applicant alleges that the Reporter's Record, (The original non-transcribed notes), are missing.

The Applicant alleges that the records were destroyed or lost.

Applicant alleges that the current Reporter's Record is fabricated and doctored.

The Applicant alleges that there are in "fact" recantations from the Complainant's. And that the Complainant's orally stated that they wrote no statements against the defendant.

The Applicant alleges that there was bias and prejudice within the Court during his plea hearing, in that all parties knew of the recantations prior to the hearing, and that all parties knew the Judicial Confession was filed Febuary 5, 2003 and not signed until April 13, 2004.

The Applicant alleges Malicious Prosecution by the Court.

The Applicant alleges Ineffective Assistance of Counsel on a compounded scale allegations herein.

The Applicant alleges Involuntary Plea in that he was never informed of what his right to a jury trial entailed.

The Applicant alleges that he was never informed that he had a right to confront and cross examine anyone who alleged he committed a crime against them.

The Applicant maintains that there is nowhere in the record where anyone testifies that the Applicant committed any offense.

- ii -

Ex Parte                              §        IN THE 291ST JUDICIAL

                                      §        DISTRICT COURT OF

BOBBY DREW AUTRY                       §        DALLAS COUNTY, TEXAS

APPLICANT'S RESPONSE TO

STATE'S SUPPLEMENTAL RESPONSE TO APPLICATION

FOR WRIT OF HABEAS CORPUS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Bobby Drew Autry, the Applicant herein, and files this, his reaponse to the State's Supplemental response to application for writ of habeas corpus, and in support thereof would show the Court as follows;

I

The Applicant, by and through court appointed counsel, (Gary D. Unell), pled guilty to and was sentenced to five (5) years in the Texas Department of Criminal Justice - ID, for indecency with a child by contact. The judgment ordered the Applicant to five (5) years in prison. See State's Exhibit 4.

II

The State notes that Applicant had a previous conviction for indecency with a child by contact under Section 21.11(a)(1) of the Penal Code in cause number F94-26520-WU. The Applicant was required to register for 10 years. The record, which Applicant cannot obtain due to indegence and the inability to hire counsel or investigator's to research the case and to obtain these documents for the Applicant, will show that Applicant had only a post 10 year registration requirement. Not a life time registration as the State so notes. See States Response page 2 foot note 3.

1

## III

The Applicant claims Actual Innocence as demonstrated by the Complainant's Recantations that the State seems to be covering up. The Reporter's Record is devoid of the A.D.A. Erin Hodge stating in the Courtroom that the witnesses recanted. There is a void in the Reporter's Record on page 10 line 10-12. The Applicant submits that this must be the point where the A.D.A. Erin Hodge said the witnesses recanted. The Honorable Vickers Cunningham did in fact ask the A.D.A., What Evidence Do You Have? And her reply was, NONE YOUR HONOR, THE WITNESSES RECANTED AND MAINTAIN THAT THEY WROTE NO STATEMENTS AGAINST THE DEFENDANT. That is word for word exactly as it was said in the Courtroom on April 13, 2004. Why is this evidence missing from the records? The Complainant's did in fact recant their earlier allegations.

## IV

The Applicant submits that he is cognizant that there is the "Judicial Confession" but maintains he has no knowledge of signing a confession. He also understands, that reading the 18 page Reporter's Record that the facts do not look so good, or in his favor. He further submits that the Court proceeding he remembers is not quite how this record reflects it.

## V

The Applicant submits this Reporter's Record attached to the State's response is doctored and or manufactured to suit the Court's legal foundation. The record clearly reflects that the Applicant's name is Bobby Drew Autry. Applicant's appointed counsel, here in the record, states the Applicant's name is Bobby Gene Autry, and the Applicant himself is recorded as saying his name is B-

2

obby Gene Autry. The Applicant's name is Bobby Drew Autry and for the record, the difference between Drew and Gene are great pronouciations. The Applicant submits and maintains that the Reporter's Record is doctored and or manufactured in its entirety. See Reporter's Record page 3 line 3, page 6 line 25, page 7 line 7, page 9 lines 20-21, page 15 lines 18-20, page 16 line 1. The Applicant has never in his life stated his name as being Bobby Gene Autry. The record clearly reflects that the Applicant's name was in fact Bobby Drew Autry. The Applicant's attorney knew his name as well and would have never stated on the record that his client's name was something other than it was. The Applicant claims this is not a simple case of typo mistake. These words are very clear and concise. The Applicant maintains the Reporter's Record attached to the State's Supplemental response are not true and now request the Court to investigate this matter.

VI

The Complainant's did recant their allegations. The Applicant request the Court to ask for discovery. The A.D.A. Erin Hodge had in her possession recantations from the Complainant's and the Applicant's attorney knew it as well as the Honorable Vickers Cunnignham knowing the recantations exsisted. The Applicant surely cannot argue that it is not his signature on the Judicial Confessions. The Applicant maintains that he was in a psychotropic medication drug induced state and this proceeding should have never happened as it did. The Officer's of the Court wanted to attend a funeral of a fellow Officer of the Court's, another A.D.A. who had committed suicide to the Applicant's knowledge. This funeral was to happen on April 13, 2004, and the Applicant's attorney told him

3

that they wanted to go to this funeral so the Applicant should plead guilty as to resolve the case.

## VII

The burden of proof is on the Applicant to allege and prove the allegations in which he supports. The Applicant does not have internet access or access to a computer to aid in his fight for justice. The Applicant contends that he never "talked" with his attorney about the facts of this case, See RR page 7 lines 12-14 and he further submits that his attorney never once talked to any of his family members about the case. Applicant's sister Jackie Creel, [970-596-9205, 970-944-0326], [jkecreel@aol.com], tried on numerous occasions to speak with Applicant's attorney and he never returned any of her calls, and she never spoke to him about this case. So, Applicant submits that his attorney was lying on the record, or in fact these Reporter's Records are manufactured to look as though all legal asspects were followed to a tee.

## VIII

On October 6, 2011 the Court of Appeals Fifth District of Texas at Dallas ordered the 291st Judicial District Court to produce missing Reporter's Records from April 13, 2004. The Applicant was never contacted as this order states he should be. The Applicant would have wanted to prosecute the appeal. On January 6, 2012 the Court of Appeals Fifth District of Texas at Dallas filed two (2) more orders to have the 291st Judicial District Court produce the missing Reporter's Record. The Applicant does not know the exact date the current Reporter's Record was filed. The Applicant submits that this period of time was sufficient to alter the record. The Applicant request a hearing on the State's Exhibit 3, (Report-

4

er's Record), by Nancy Brewer, Official Court Reporter for the 292 nd Judicial District Court. Why the delay in responding to the Court of Appeals order, and exactly who helped prepare this document. The Applicant submits that with proper investigation by a non bias party will more than likely uncover conspiracy, document manipulation, evidence manufacturing, evidence tampering, and even more corruption of Dallas County Officials. The Applicant is cognizant that the above is merely rambling when he has no evidence or documentation to back up his allegations. As stated above he has no access to said documents or sufficient access to Court records to research.

IX

It is clear by the Court of Appeals orders, and the length of time required to produce the record, that the record was not filed with the District Clerk as prescribed by Law. See; Tex. R. App. Proc. 13.6 (When a defendant is granted deferred adjucication for a felony other than a State Jail Felony, and no appeal is taken, the court reporter must file the non-transcribed notes of original recording of the proceeding with the District Clerk within 20 days after the expiration of the time for perfection appeal; and the district clerk must retain the notes for fifteen (15) years from that date.) The non-transcribed notes or the original recording seem to have been in the possession of the Court Reporter herself. This is surely a violation of the Law, and in more ways than one is effecting the Applicant.

5

## X

The Applicant should be afforded a hearing on the issues presented in this response and his Writ of Habeas Corpus as well as his Supplemental Memorandum, for the Court to compel the production of exculpatory documents, (Complainant's Recantations), and to have the Court to appoint an expert or counsel for the Applicant. Having no hearing on these issues presented herein and of his previous documentation violates due process and due course of law provisions in the United State's and Texas Constitution.

## XI

The Applicant cannot waive a right that he does not understand, and no where in the record available to the Court is there any place that explains to the Applicant what his right to a jury trial entails. He is not informed that the State has the burden of proof beyond a reasonable doubt on all elements of the offense. He is not informed of his right not to be a witness against himself at the trial. He is not informed that he is presumed innocent until the State proves each and every element beyond a reasonable doubt to all 12 jurors. He is not informed that if one juror doesn't find that he committed a crime beyond a reasonable doubt, he cannot be convicted. And nowhere in the record does it show that the Applicant is informed that he has the right to confront and cross examine any one who says that he committed a crime against them.

## XII

The recantations of the Complainant's in this case are favorable to the Applicant and it is material to this case. Maryland v.

6

Brady, 373 U.S. 83 (1963); Napue v. Illinois, 360 U.S. 264 (1959), the State has a duty to disclose evidence favorable to the accused which is material to guilt or innocence or punishment, Kyles v. Whitley, 514 U.S. 419 (1995) this document bears on the actual innocence of the Applicant, and it corroborates the Applicant's assertion that an innocent man pled guilty because he was in fear of the system and the Court and this should clearly show that the Applicant was under the influence of psychotropic medications.

This evidence is exculpatory, Maryland v. Brady 373 U.S. 83 (1963). To deny the Applicant evidence that would show that he is unjustly incarcerated violates due process of Law. U.S. Const. Amend. V and XIV; Tex. Const. Art. 1 sec. 19; See also; Oklahoma v. Ake, 470 U.S. 68 (1985).

## XIII

The Applicant asserts that the Honorable Vickers Cunningham, and Applicant's attorney, Gary D. Unell knew of the Complainant's recantations prior to the hearing April 13, 2004. Unless the parties involved are prepared to lie, then a deposition would be answered just as the Applicant has stated it. The Complainant's did in fact recant their allegations against the Applicant. Every procedure which would offer a possible temptation to the average man as a judge to forget the burden of proof required to convict the defendant, or which might lead him not to hold the balance nice, clear, and true between the State and the accused denies the latter due process of Law. See; Tumey v. Ohio, 273 U.S. 510, 532, 47 S. Ct. 437, 71 L. Ed. 749 (1927, A claimant need not prove actual bias to make out a due process violation. See; Johnson v. Mississippi, 403 U.S. 212, 215, 91 S. Ct. 1778, 29 L. Ed. 423 (1971).

7

XIV

The Applicant maintains he is Actually Innocent of the crimes within the indictment as demonstrated by the Complainant's Recantations. Complainant Recantations are grounds for investigation. Federal due process is violated when an innocent person is incarcerated, and the Court has held that this applies whether the defendant has pled guilty or not guilty, as ground for Writ of Habeas Corpus, applies with no less force when the conviction is obtained by a bench trial or guilty plea. See; Ex Parte Tuley, 109 S.W. 3d 388 (Tex. Crim. App. 2002) Texas Code of Criminal Procedure 64.03 (b) includes Judicial Confession. The Court extended the availability of actual innocence claims to guilty plea situations. This opinion expanded the Court's actual innocence jurisprudence as set out in; Ex Parte Elizondo, 947 S.W. 2d 202 (Tex. Crim. App. 1996). In cases involving a Recantation by a Complainant or Witness, cousel should request a "live hearing" bacause credibility is always a key issue. The importance of a Trial Court's finding on credibility is amply demonstrated by the Court's brief opinion granting relief in; Ex parte Harmon, 116 S.W. 3d 778 (Tex. Crim. App. 2002) In Harmon, the Applicant alleged that he was actually innocent, as demonstrated by the Complainant's affidavit in which she stated that her trial testimony was false. Due Process violations in; Ex Parte Carmona, 185 S.W. 3d 492 (Tex. Crim. App. 2006), the Applicant was adjudicated guilty of sexual assault based entirely upon perjured testimony. He filed a petition for habeas relief, claiming his release to deferred adjudication was revoked without due process of Law. The witnesses against the Applicant either recanted their testimony, or their bias and lies had been exposed.

8

In an interesting case regarding a Recantation by the Complainant's, the Court granted relief on the basis of an involuntary plea; Ex Parte Zapata, 235 S.W. 3d 794(Tex. Crim. App. 2007) the Court granted relief in the situation where the Applicant was not aware, at the time he entered his plea, that the Complainant's had recanted their accusations and would not have testified against him at trial. The Applicant had learned of the recantations after the entry of the plea but before sentencing.

No objection of this by Applicant's attorney failed to preserve the error, although Applicant's attorney knew of the recantations prior to the hearing. "An exception to the preservation of error requirement is a Constututional Claim of Ineffective Assistance of Counsel where proper investigation or objection would have preserved the error and there is no proper reason why counsel did not act. See; Ex Parte Harrington, 310 S.W. 3d 452 (Tex. Crim. App. 2010)." The VI Amendment right to counsel in a criminal trial includes "the right to the effective assistance of counsel." See; McMann v. Richardson, 397 U.S. 759, 771 n 14, 90 S. Ct. 1441, 25 L. Ed. 2d 763 (1970). The right extends to "all critical stages of the criminal process," See; Iowa v. Tovar, 541 U.S. 77, 80-81, 124 S. Ct. 1379, 158 L. Ed. 2d 209 (2004), counsel has a duty to investigate all reasonable lines of a defense, or make reasonable determinations that such investigations are not necessary, Strickland [.] See Also; Fisher v. Gibson, 282 F. 3d 1283 (CA 10 2002).

XV

Defense counsel had a duty to file a motion to suppress the Judicial Confession, or should have never let it come to fruition. He also had a duty to file a motion for dismissal upon learning of

9

the Complainant's Recantations, or in the alternative asking for a directed verdict of not guilty. This has to be judicial bias and Prejudice with all parties knowing of the recantations prior to the hearing, simply because they wanted to attend a funeral of a fellow officer of the Court. This should not be allowed to stand and in fact it appears that evidence is being covered up.

XVI

The Applicant asserts that if defense counsel had investigated the mental status of the Applicant, and the reason why the Complainant's had recanted, and placed this documentation on the record before the Court, the Court could have then considered every issue on the merits. While it is unlikely that we can determine with precision what the results of the proceeding would have been if counsel had not erred, the breadth of evidence adduced at an ordered evidentiary hearing would have been sufficient to undermine our confidence that Applicant's attorney would have advised him to plead not guilty rather than accept a plea bargain when the State held no evidence other than a Judicial Confession which should of been objected to. After the Recantations the State held no evidence of any crime and would not have been able to substantiate a guilty verdict at any type of trial.

Counsel's unwillingness to challenge the State's case to a full adverse testing prejudice him in the greatest of ways. See; Fisher v. Gibson, 282 F. 3d 1283 (CA 10 2002).

XVII

The Applicant shows that the question in this appeal is whether the Applicant's right to the effective assistance of counsel was constructively denied is a mixed question of law and facts, subjected to de novo review. cf, Strickland, 466 U.S. at 698, 104

10

S. Ct. at 2070. The Applicant shows this Court that his claim should not be reviewed under the Strickland analyzed, but under the Cronic. He asserts, an ineffective assistance claim that proves prejudice is analyzed as a structual error and cannot be waived. See; Arizona v. Fulminate, 499 U.S. 279, 307-09 (1991). Trial error is error which occured during the presentation of this case to the Court, and which its admission was not harmless beyond a reasonable doubt. Id. at 307-08. It is well extablished that a defendant requires the guiding hand of counsel at every stage in the proceedings against him. See; Powell v. Alabama, [omitted]. Moreover, critical stages of a defendant's trial undermine the fairness of the proceeding, and therefore requires a presumption that the defendant was prejudice by such deficiency. See; United States v. Cronic, [466 U.S. at 659].

## XVIII

The Applicant's attorney had a duty to present all evidence favorable to the defense. The Recantations were favorable to the defense as well as showing of the Applicant's mental history. The evidence shown, by the current record, was worthy of adversarial challenge. Counsel simply did not act. This shows prejudice.

## XIX

The Applicant would now show this Honorable Court tht there is nowhere within the record any type of Terroristic accusations against the Applicant. There is no testimony or witness statements to claim any form of Terroristic Activity. This is cause to overcome the A.E.D.P.A. See; Martinez v. Ryan 132 S.Ct. 1309 (2012) . Counsel was not provided for the Antiterrorism Effective Death Penalty Act.

## XX

The Applicant was never afforded counsel during the process of this evidentiary investigation. How is it that Applicant's due process rights are being protected? If counsel was appointed, the Applicant not once heard from such counsel. It is the Applicant's understanding that on order of remand for evidentiary investigation the Applicant is to have counsel appointed to confer with. Also that Applicant's allegations can be investigated properly and without bias.

## XXI

Applicant reasserts that the Reporter's Record is not the original notes. The Reporter's Record which the Applicant received is not a certified copy. There is no signature on this document. Applicant submits Law was not followed in that the Court Reporter did not file the document with the District Clerk and maintained the original notes herself. This allegation is current and new. The Applicant request a copy of the original transcribed notes or to have counsel appointed as to protect the Applicant's rights which by all the investigations of corruption in the Frank Crowley Courts Building and that of other City of Dallas Officials, including Susan Hawk, the current District Attorney, the Applicant is sure to not receive impartial balance, and the bias will continue.

## XXII Conclusion

The Applicant cannot imagine the Court going to a Trial with a jury with only a Judicial Confession. If this is the case then counsel had the duty to motion to suppress this Judicial Confession. He surely was not adversed. The evidence within the current

12

Reporter's Record is truely worthy of adversarial challenge. A failure to act on exculpatory evidence, and knowing of the recantations prior to the hearing, is surely prejudicial and bias. This is structual defect as stated above. The Applicant surely cannot be held accountable for not requesting a competency evaluation, when it is the duty of the appointed counsel to inform the defendant of the entire process against him. The Applicant had no idea he could request anything outloud or even to his attorney. The Applicant has and has always had a phobia toward authority. The Applicant was in fear in the Courtroom and if not under the influence of psychotropic medications his bi-polar tendencies would have been appearant. The Applicant has no way of obtaining the records from Parkland Jail Health, Mental Health Department due to his indegence. He would now request the Court to obtain copies of his Mental Health Records during the period of January 18, 2003 and April 13, 2004. These records should clearify the fact that the Applicant was in fact in a psychotropic drug induced state of mind whereas it would have been hard for the Applicant to totally understand everything that actually did happen during this hearing. The Applicant would show this Honorable Court, in his Mental Health Records, that he suffers from different phobias, bi-polar disorder, schizophrenic tendencies, and hallucinations of spirits. The Applicant is paranoid of conspiracies which is a fact he asserts here in that the parties involved all knew of the Recantations prior to the hearing on April 13, 2004. That would be conspiracy. All three (3) parties, the Honorable Vickers Cunningham, the A.D.A. Erin Hodge, and the Applicant's attorney Gary D. Unell. And the Applicant would also show this Honorable Court that the same

13

parties as stated above also knew the Judicial Confession was filed on Febuary 5, 2003 and not signed until April 13, 2004. The Applicant shows in this allegation that there was in fact conspiracy involved in his conviction. The Trial Judge did ask the Applicant's attorney, Is Your Client MHMR? Why this information is not on the current document, Reporter's Record, is unknown to the Applicant. As well as the A.D.A. Erin Hodge answering the Judges question of, What Evidence Do You Have? And her saying, NONE YOUR HONOR, THE WITNESSES RECANTED AND MAINTAIN THAT THEY WROTE NO STATEMENTS AGAINST THE DEFENDANT! All of this information was spoke in the Courtroom on April 13, 2004. The Applicant can only assume that it was during the "off the record" time during the hearing. What would be the purpose of going off the record if everything was really so legal? Again, the Applicant has no proof of this, he can only pray that the Court will appoint a non-bias counsel to protect his rights for an evidentiary investigation. A claim of no evidence is cognizable on habeas because where there is no evidence to support a conviction, the Applicant's due process rights are violated. See; Ex Parte Perales, 215 S.W. 3d 418, 419-29 (Tex. Crim. App. 2007). However, a no-evidence challenge is cognizable only where the record is "devoid" of evidentiary support for a conviction. See Id at 420. Without the Judicial Confession the State held no evidence. Had counsel not erred, and suppressed the Judicial Confession, the record would have been devoid of evidentiary support. The Trial Judge would have erred in overruling counsel's motion to suppress due to the witness recantations alleging no offense had taken place. An ordered evidentiary hearing with depositions would show that the Applicant's attorney told him that

14

the State was not going to try the Hartman cases, the other two (2) cases mentioned in the record. He told the Applicant that they wanted to attend the funeral of their friend and I shouldn't cause any trouble for the Court. The Applicant's allegations are not isolated incidents. The allegations compounded would result in a de novo review of all the evidence, not just the Judicial Confession. The Applicant seeks the Court to order depositions for Gary D. Unell and Erin Hodge to determine the merits of the allegations. No guilty plea may be accepted by the court unless it appears that the defendant is mentally competent and the plea is free and voluntary. See; Tex. Code Crim. Proc. Art. 26.13(b). If counsel had investigated the Applicant's mental history the Court would have known that the Applicant was under the influence of psychotropic medications. A declaration of guilt made under compulsion, duress, or coercion is not a plea. See; George v. State, 20 S.W. 3d 130, 133 (Tex. App.--Houston[14th Dist.]2000, pet. filed). The Applicant's attorney urged him to plead due to the Court Officer's wanting to attend said funeral. These facts are available if the Court would just order an Evidentiary Hearing with depositions made under oath.

## APPLICANT'S PRAYER

Wherefore, premises considered, Applicant prays that this Honorable Court grant said actions and order a thurough evidentiary investigation with depositions held under oath. The Applicant is confident that appointed counsel Gary D. Unell would not lie under oath and would show this Honorable Court that Recantations did in fact exsist and were spoken about in the Courtroom. The Applicant prays this Honorable Court will grant any relief due as p-

15

rescribed by law and any Supreme Court presidence. The Applicant prays that this Honorable Court grant the reiief listed above and set aside the order which currently restrains his liberty. The Applicant prays that this Honorable Court grant relief, at law or in equity, general or specific, for which he is justly entitled. APPLICANT SO PRAYS.

RESPECTFULLY SUBMITTED:

_____

Bobby Drew Autry #1701196
McConnell Unit
3001 S. Emily Drive
Beeville, Texas    78102

## INMATE'S DECLARATION

I, Bobby Drew Autry, the Applicant herein, being incarcerated in the Texas Department of Criminal Justice - ID, McConnell Unit, do hereby declare under the penalty of perjury that the above response to State's Supplemental response is true and correct to the best of my knowledge.

_____
Bobby Drew Autry #1701196

May 31, 2015
Date Signed:

## CERTIFICATE OF SERVICE

I, Bobby Drew Autry, the Applicant herein, being duly sworn above, certify that a true and correct copy of the above response was placed in the U.S. mailbox at the McConnell Unit in Beeville, Texas and served on the following:  Court Clerk - 291st Judicial District Court, Frank Crowley Courts Building, 133 N. Riverfront Blvd., Dallas, Texas 75207 and the Court Clerk - Abel Acosta, Court of Criminal Appeals, P.O. Box 12308, Capitol Station, Austin

16

, Texas 78711, and file.

_Bobby Drew Autry_  
Bobby Drew Autry #1701196

_May 31, 2015_  
Date Signed:

17