

# In the Court of Criminal Appeals of Texas

No. WR-95,319-01

### EX PARTE THOMAS ALLEN CARPENTER III,
*Applicant*

On Application for Writ of Habeas Corpus
In Cause No. 23-CR-1575-83-1
In the 405th District Court
Galveston County

YEARY, J., filed a concurring opinion.

In May of 2023, Applicant pled guilty to possession of between one and four grams of a penalty group one controlled substance—methamphetamine—and was sentenced to two years' imprisonment. *See* TEX. HEALTH & SAFETY CODE § 481.115(c) (establishing possession of "one gram or more but less than four

grams" of a penalty group one controlled substance as a third degree felony), § 481.102(6) (listing methamphetamine as a penalty group one substance). Two months later, in July of 2023, a crime laboratory released its analysis of the substance that was found in Applicant's possession. The lab test identified the presence of methamphetamine but in an amount of "0.72 grams (+/- 0.09 grams)."

In October of 2023, Applicant, through his plea counsel, filed an original and an amended application for a writ of habeas corpus in the county of conviction. TEX. CODE CRIM. PROC. art. 11.07. In his original application, Applicant asserted that there is "insufficient evidence for conviction of possession of one to four grams of [a] controlled substance" because "[t]he lab result[] of the controlled substance is less than one gram." In his "amended" application, Applicant reframes his ground for relief as an involuntary plea, repeating the supporting facts of his original application—with the addition that "[t]he appellant would not have pled to possession of one to four grams."

Today, the Court grants Applicant relief on the basis that his plea was involuntary, citing *Ex parte Mable*, 443 S.W.3d 129 (Tex. Crim. App. 2014). Majority Opinion at 2. I have steadfastly argued that *Mable* was wrongly decided and should be overruled for the reasons articulated by Judge Keasler's concurring opinion in *Ex parte Saucedo*, 576 S.W.3d 712, 712–22 (Tex. Crim. App. 2019) (Keasler, J., concurring), and in my concurring opinion in *Ex parte Warfield*, 618 S.W.3d 69, 72–75 (Tex. Crim. App. 2021)

(Yeary, J., concurring). I reaffirm my belief today that this Court should overrule *Mable*. Subsequent factual developments, without any "suggestion that [the applicant] was fraudulently misled or coerced into pleading guilty or that [her] plea counsel was ineffective[,]" do not *retroactively* render an applicant's plea of guilty involuntary. *Saucedo*, 576 S.W.3d at 721, 719 (Keasler, J., concurring) (an applicant's "ignorance of facts he 'knew . . . he did not know' should not invalidate his otherwise voluntary decision to plead guilty") (quoting *Ex parte Palmberg*, 491 S.W.3d 804, 810 (Tex. Crim. App. 2016)).

In this case, Applicant has pled no facts demonstrating that his plea of guilty was involuntary at the time he made it. Consequently, I disagree that Applicant is entitled to relief on the ground that his plea was involuntary. I do agree, however, that Applicant is entitled to post-conviction relief—but on grounds of due process and due course of law. As I wrote in *Ex parte Ohlemacher*:

> When undisputed new facts that were inaccessible to both parties at the time of a trial or plea irrefutably demonstrate that an Applicant is *not guilty* of the offense for which a judgment of conviction has been entered, the right to due process and due course of law are implicated. But for the inaccessibility of those newly discovered facts, a rational jury or judge would *not* have entered either a finding or a judgment of guilt.

666 S.W.3d 528, 528 (Tex. Crim. App. 2023) (Yeary, J., concurring).

The subsequent analysis of the evidence in this case proves

that Applicant was not guilty of possession of one to four grams of a controlled substance, but of less than one gram. The undisputed facts show that Applicant is, at most, guilty of possession of less than one gram of a penalty group one controlled substance. TEX. HEALTH & SAFETY CODE § 481.115(b). Therefore, Applicant's conviction for an offense he demonstrably did not commit is a false judgment which due process demands be overturned.[1]

With these thoughts, I concur in the result.

**FILED:**                                                   January 10, 2024
**DO NOT PUBLISH**

---

[1] I would reach this conclusion because "an applicant who can show that his conviction was based on 'no evidence' may obtain post-conviction relief on due process grounds." *Ex parte Lane*, 670 S.W.3d 662, 685 (Tex. Crim. App. 2023) (Yeary, J., dissenting) (citing *Ex parte Perales*, 215 S.W.3d 418, 419–20 (Tex. Crim. App. 2007)). In my view, Applicant's original assertion that there was insufficient evidence to convict him for possession of one to four grams of a controlled substance, when the evidence conclusively shows he possessed less than one gram, amounts to a "no evidence" due process claim.

As I acknowledge above, Applicant amended his application to reframe his claim as an involuntary plea, probably to satisfy *Mable*. I do not believe that his plea was involuntary, and I believe that *Mable* should be overruled. But I would not penalize Applicant for reframing his application to satisfy that, albeit wrongly decided, precedent—at least not when his amended application essentially preserves the essence of his original due process claim. Whether we should describe his claim as a "no evidence" or some other species of due process claim, I believe that Applicant's conviction violated due process and that he is entitled to relief. *See id.* (Yeary, J., dissenting) ("We should . . . grant relief to Applicant in this case today, whatever label we choose to append to his due process claim."); *Warfield*, 618 S.W.3d at 74–75 (Yeary, J., concurring).