

# In the Court of Criminal Appeals of Texas

No. WR-95,325-01

EX PARTE CHRISTINA MICHELLE HOLMES
A.K.A. CHRISTINA MICHELLE HILLER,

*Applicant*

On Application for Writ of Habeas Corpus
In Cause No. 23-04-05568(1)
In the 9th District Court
Montgomery County

YEARY, J., filed a concurring opinion.

In April of 2023, Applicant pled guilty to possession of a controlled substance—methamphetamine—and was sentenced to thirty days confinement. *See* TEX. HEALTH & SAFETY CODE § 481.115(b) (establishing possession of less than one gram of a

penalty group one controlled substance as a state jail felony); TEX. PENAL CODE § 12.44(a) (permitting state jail felonies to be punished as Class A misdemeanors in the interests of justice). Three months later, in July of 2023, Applicant's plea counsel received a letter from the District Attorney from the county of her conviction. In this letter, the District Attorney informed Applicant's counsel that, a month after Applicant's conviction, a crime laboratory analyzed the substance that was found in Applicant's possession. The lab test did not identify any methamphetamine or any other controlled substance.

In November of 2023, Applicant, through her plea counsel, filed this application for a writ of habeas corpus in the county of conviction. TEX. CODE CRIM. PROC. art. 11.07. In her application, she alleges that "her plea was not freely and voluntarily entered because the evidence was legally insufficient to support it." Today, the Court grants Applicant relief on the basis that her plea was involuntary, citing *Ex parte Mable*, 443 S.W.3d 129 (Tex. Crim. App. 2014). Majority Opinion at 2.

I have steadfastly argued that *Mable* was wrongly decided and should be overruled for the reasons articulated by Judge Keasler's concurring opinion in *Ex parte Saucedo*, 576 S.W.3d 712, 712–22 (Keasler, J., concurring) (Tex. Crim. App. 2019) and my concurring opinion in *Ex parte Warfield*, 618 S.W.3d 69, 72–75 (Yeary, J., concurring) (Tex. Crim. App. 2021). I reaffirm my belief today that this Court should overrule *Mable*. Subsequent factual developments, without any "suggestion that [the

applicant] was fraudulently misled or coerced into pleading guilty or that [her] plea counsel was ineffective[,]" should not *retroactively* render an applicant's plea of guilty involuntary. *Saucedo*, 576 S.W.3d at 721, 719 (Keasler, J., concurring) (an applicant's "ignorance of facts [s]he 'knew . . . [s]he did not know' should not invalidate [her] otherwise voluntary decision to plead guilty") (quoting *Ex parte Palmberg*, 491 S.W.3d 804, 810 (Tex. Crim. App. 2016)).

In this case, Applicant has pled no facts demonstrating that her plea of guilty was involuntary at the time she made it. Consequently, I disagree that Applicant is entitled to relief on the ground that her plea was involuntary. I do agree, however, that Applicant is entitled to post-conviction relief—but on grounds of due process and due course of law. As I wrote in *Ex parte Ohlemacher*:

> When undisputed new facts that were inaccessible to both parties at the time of a trial or plea irrefutably demonstrate that an Applicant is *not guilty* of the offense for which a judgment of conviction has been entered, the right to due process and due course of law are implicated. But for the inaccessibility of those newly discovered facts, a rational jury or judge would *not* have entered either a finding or a judgment of guilt.

666 S.W.3d 528, 528 (Yeary, J., concurring) (Tex. Crim. App. 2023).

The subsequent analysis of the evidence in this case proves that Applicant was not guilty of possession of a controlled substance. No rational judge would have entered a judgment of

guilt had that fact been available to him. The undisputed facts show that Applicant is, at most, guilty of *attempted* possession of a penalty group one controlled substance. TEX. HEALTH & SAFETY CODE § 481.115(b); TEX. PENAL CODE § 15.01(a). Therefore, due process dictates that Applicant's conviction for an offense she demonstrably did not commit be overturned.[1]

With these thoughts, I concur in the result.

**FILED:**                                         January 24, 2024
**DO NOT PUBLISH**

---

[1] I would reach this conclusion because "an applicant who can show that [her] conviction was based on 'no evidence' may obtain post-conviction relief on due process grounds." *Ex parte Lane*, 670 S.W.3d 662, 685 (Tex. Crim. App. 2023) (Yeary, J., dissenting) (citing *Ex parte Perales*, 215 S.W.3d 418, 419–20 (Tex. Crim. App. 2007)). In my view, Applicant's assertion of insufficient evidence to convict her of possession of less than one gram of a controlled substance, when the evidence conclusively shows she possessed no controlled substance *at all*, amounts to a "no evidence" due process claim. *See Perales*, 215 S.W.3d at 420 ("If the record is devoid of evidentiary support for a conviction, an evidentiary challenge is cognizable on a writ of habeas corpus.").

Applicant frames her complaint as an involuntary plea based on the lack of evidence to support her conviction. She probably presents her claim this way to satisfy *Mable*. I do not believe that her plea was involuntary, and I believe that *Mable* should be overruled. But I would not penalize Applicant for framing her application to satisfy that, albeit wrongly decided, precedent—at least not when the meat of her application also arguably raises a due process claim. *See Ex parte Coleman*, 599 S.W.2d 305, 307 (Tex. Crim. App. 1978) ("Where there has been no evidence upon which to base a conviction, a violation of due process has occurred[.]"). In any event, whether we should describe her claim as a "no evidence" or some other species of due process claim, I believe that Applicant's conviction violated due process and that she is entitled to relief. *See Lane*, 670 S.W.3d at 685 (Yeary, J., dissenting) ("We should . . . grant relief to Applicant in this case today, whatever label we choose to append to [her] due process claim."); *Warfield*, 618 S.W.3d at 74–75 (Yeary, J., concurring).