No. 64,508, this day decided, I respectfully dissent.

**Ex parte Larry Dale RUSSELL.**

**No. 66764.**

Court of Criminal Appeals of Texas, En Banc.

May 12, 1982.

Robert Huttash, State's Atty., Austin, for the State.

OPINION

DALLY, Judge.

This is an original application for a writ of habeas corpus pursuant to Art. 11.07, V.A.C.C.P.

The record reflects that the applicant was convicted in Cause Nos. B–12,088, C–12,189, and A–12,090, in the 161st, 244th, and 70th Judicial District Courts of Ector County for the offenses of aggravated rape, aggravated robbery, and possession of a controlled substance, respectively.

The petitioner contends that his conviction for aggravated robbery was obtained in violation of the carving doctrine because it and the conviction for aggravated rape were obtained on the same evidence of aggravation.

This Court abandoned the carving doctrine in *Ex parte McWilliams* (64,508, delivered May 12, 1982). To determine the double jeopardy implications of successive prosecutions for offenses arising out of a single criminal transaction we now apply the offense defining test set forth in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

It is clear that aggravated rape and aggravated robbery are separate and distinct offenses under the *Blockburger* test. See V.A.C.S. Penal Code, Secs. 21.03 and 29.03. Prosecution and conviction of both offenses, even though they have resulted from a single criminal transaction, do not violate the Double Jeopardy clauses of the Texas or Federal Constitutions.

Since there is no double jeopardy violation in the conviction herein, habeas corpus relief will be denied.

It is so ordered.

ONION, P. J., and ROBERTS and TEAGUE, JJ., dissent, as they did in *Ex parte McWilliams* (Tex.Cr.App. No. 64,508, May 12, 1982) (Roberts, J., dissenting).

CLINTON, Judge, dissenting.

For the reasons stated in my dissenting opinion in *Ex parte Stephen McWilliams*, No. 64,508, this day decided, I respectfully dissent.