WR-82,970-01
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 6/22/2015 11:58:12 AM
Accepted 6/22/2015 12:42:56 PM
ABEL ACOSTA
CLERK

## No. WR-82,970-01

### In The Court of Criminal Appeals

---

### Ex Parte Michael James Williams,
Applicant

---

On Application for Writ of Habeas Corpus in Cause No. 1445686-A,
Challenging the conviction in Cause No. 1445686,
From the 208th Judicial District Court of Harris County, Texas

---

### Applicant's Brief

---

**Oral Argument Requested**

**Alexander Bunin**
Chief Public Defender
Harris County, Texas

**Nicolas Hughes**
Assistant Public Defender
Harris County, Texas
TBN: 24059981
1201 Franklin St., 13th Floor
Houston, Texas 77002
Phone: (713) 368-0016
Fax:     (713) 437-4316
nicolas.hughes@pdo.hctx.net

**Attorney for Applicant**

## IDENTITY OF PARTIES AND ATTORNEYS

APPLICANT:                                    MICHAEL JAMES WILLIAMS

TRIAL PROSECUTOR:                      GREG HOULTEN
                                                      Assistant District Attorney
                                                      Harris County, Texas
                                                      1201 Franklin Street, 6th Floor
                                                      Houston, Texas 77002

ATTORNEY AT TRIAL:                     JAIME ACOSTA
                                                      Attorney at Law
                                                      102 S. Lockwood Dr.
                                                      Houston, Texas  77011

PRESIDING JUDGE AT TRIAL:          HON. MICHAEL MCSPADDEN
                                                      209th District Court
                                                      Harris County, Texas
                                                      1201 Franklin Street, 17th floor
                                                      Houston, Texas 77002

ATTORNEY FOR STATE ON HABEAS:   INGER CHANDLER
                                                      Assistant District Attorney
                                                      Harris County, Texas
                                                      1201 Franklin Street, 6th Floor
                                                      Houston, Texas 77002

ATTORNEY FOR APPLICANT:            NICOLAS HUGHES
                                                      Assistant Public Defender
                                                      Harris County, Texas
                                                      1201 Franklin St., 13th Floor
                                                      Houston, Texas 77002

# TABLE OF CONTENTS

Identity of Parties and Attorneys.................................................................................. ii

Table of Contents...................................................................................................... iii

Index of Authorities.................................................................................................... v

Statement of the Case ................................................................................................ 1

Statement Regarding Oral Argument........................................................................... 1

Issue Presented .......................................................................................................... 2

Statement of Facts...................................................................................................... 2

Summary of the Argument.......................................................................................... 2

Argument.................................................................................................................... 4

    I. As Michael Williams conclusively established that he did not possess MDMA, Michael Williams's plea is involuntary and his conviction offends principles of due process......................................................................................... 4

        A. Where there is no evidence to support a conviction or where the evidence supporting a conviction is refuted by clear and convincing evidence, the conviction is invalid................................................................. 4

            1. This Court has repeatedly held that where there is no evidence to support an element of a person's conviction, a defendant's conviction is invalid .......................................................................... 4

            2. This Court has repeatedly held that where a defendant shows his or her innocence of the charges, the defendant's conviction is invalid ................................................................................................ 5

        B. The laboratory report indicates that there is no evidence to support an essential element of Michael Williams's conviction, namely the requirement that Michael Williams's actually possessed MDMA in this case ................................................................................................................ 6

1. The evidence conclusively establishes that Michael Williams did not possess MDMA as charged in the information.......................... 6

2. Michael Williams's conviction is invalid and has the same due process implications as a no evidence or actual innocence case.... 6

C. There is nothing which meaningfully differentiates Michael Williams's case from previous cases involving involuntary pleas ................................. 8

II. Upholding the conviction in this case would undermine Michael Williams's constitutional rights ............................................................. 10

A. Possession of MDMA and possession of methamphetamine are separate crimes.......................................................................... 10

B. The Double Jeopardy implications of upholding Michael Williams's conviction for possession of MDMA.......................................................... 11

C. The Due Process implications of Michael Williams's conviction ...... 12

III. Other considerations ............................................................... 13

A. A hypothetical illustrating the greater impact of the Court's decision .......................................................................................... 13

B. It is impossible to gauge how having the laboratory report would have affected Michael Williams's case at the trial level...................................... 14

C. Considerations in filing an agreed writ of habeas corpus.................... 15

Prayer ............................................................................................ 16

Certificate of Service.......................................................................... 17

Certificate of Compliance..................................................................... 17

# INDEX OF AUTHORITIES

**Federal Cases**

*Stirone v. United States*, 361 U.S. 212 (1960) ........................................................ 12

*United States v. Prejean*, 494 F.2d 495 (5th Cir. 1974) ....................................... 12, 14

**State Cases**

*Curtis v. State*, 548 S.W.2d 57 (Tex. Crim. App. 1977) ......................................... 6

*Ex parte Adams*, 768 S.W.2d 281 (Tex. Crim. App. 1989) ................................... 15

*Ex parte Briggs*, 187 S.W.3d 458 (Tex. Crim. App. 2005) ................................... 16

*Ex parte Brown*, 205 S.W.3d 538 (Tex. Crim. App. 2006) .................................... 9

*Ex parte Coleman*, 599 S.W.2d 305 (Tex. Crim. App. 1978) ................................. 5

*Ex parte Elizondo*, 947 S.W.2d 202 (Tex. Crim. App. 1996) ........................... 5, 6, 8

*Ex Parte Frederick*, No. AP-76,646, 2011 WL 4484737 (Tex. Crim. App. 2011) (not designated for publication) .............................................................................. 16

*Ex parte Griffin*, 679 S.W.2d 15 (Tex. Crim. App. 1984) ...................................... 9

*Ex Parte Mack*, No. AP-75345, 2006 WL 475777 (Tex. Crim. App. 2006) (mem. op., not designated for publication) ............................................................................. 10

*Ex parte Moody*, 991 S.W.2d 856, 858 (Tex. Crim. App. 1999) ............................. 9

*Ex Parte Moussazadeh*, 361 S.W.3d 684 (Tex. Crim. App. 2012) .......................... 9

*Ex parte Perales*, 215 S.W.3d 418 (Tex. Crim. App. 2007) .............................. 4, 7, 8

*Ex parte Riley*, 193 S.W.3d 900 (Tex. Crim. App. 2006) ..................................... 16

*Ex parte Russell,* 632 S.W.2d 596 (Tex. Crim. App. 1982) ................................... 11

*Ex parte Tovar*, 901 S.W.2d 484 (Tex. Crim. App. 1995) ...................................... 9

*Ex parte Tuley*, 109 S.W.3d 388 (Tex. Crim. App. 2002) ..................................... 5, 7

*Ex parte Williams*, No. 1445686-A (208th Dist. Ct., Harris Cty., Tex. Oct. 21, 2014) ... 6

*Gonzalez v. State*, 588 S.W.2d 574 (Tex. Crim. App. 1979) .................................................. 4

*Nichols v. State*, 52 S.W.3d 501 (Tex. App.-Dallas 2001, no pet.) .................................... 12

*Pena v. State*, 353 S.W.3d 797 (Tex. Crim. App. 2011).................................................... 15

*Potts v. State*, 571 S.W.2d 180 (Tex. Crim. App. 1978)...................................................... 7

*Salazar v. State*, 86 S.W.3d 640 (Tex. Crim. App. 2002) ...................................................... 8

*State v. Wilson*, 324 S.W.3d 595 (Tex. Crim. App. 2010) ............................................passim

*Watson v. State*, 900 S.W.2d 60 (Tex. Crim. App. 1995) ..........................................7, 10, 11

**State Statutes**

TEX. HEALTH & SAFETY CODE ANN. § 481.102 (West 2013) ....................................... 10

TEX. HEALTH & SAFETY CODE ANN. § 481.103 (West 2013) ....................................... 10

TEX. HEALTH & SAFETY CODE ANN. § 481.115 (West 2013) ....................................... 11

TEX. HEALTH & SAFETY CODE ANN. § 481.116 (West 2013) ....................................... 11

TEX. PENAL CODE ANN. § 6.04 (West 2013)................................................................... 7

**Other Authorities**

Michael Barajas, *Lab Reports Show Hundreds "Convicted in Error" for Drug Offenses*, HOUSTON PRESS (Oct. 29. 2014) *available at* http://www.houstonpress.com/news/lab-reports-show-hundreds-convicted-in-error-for-drug-offenses-6751687 .................................................................................. 15

## STATEMENT OF THE CASE

On October 21, 2014, Applicant was charged with possession of substance in penalty group 2, one gram or more but less than four grams (MDMA) in Cause 1445686. Writ Exhibit 1.On December 2, 2014, pursuant to a plea agreement, Applicant pled guilty and was convicted. Writ Exhibits 2, 3, 4. Applicant has collaterally challenged his conviction on the grounds that his plea was involuntary and that Applicant's conviction for an offense he did not commit violates his right to due process of law. On February 27, 2015, the trial court entered agreed findings of fact and conclusions of law recommending relief. *Agreed Findings of Fact and Conclusions of Law, Ex parte Williams*, No. 1445686-A (208th Dist. Ct. Harris Cty., Tex. 2015) (filed Feb. 27, 2015). On April 22, 2015, this Court ordered this case set for submission "to determine whether Applicant's plea of guilty was involuntary when the substances seized and tested contained illicit materials other than those alleged" and ordered briefing. *Order, Ex parte Williams*, No. WR-82,970-01 (Tex. Crim. App. 2015) (filed Apr. 22, 2015). This brief is Applicant's response to the April 22, 2015 order.

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument may help categorize Applicant's case within the body of caselaw regarding involuntary pleas. Applicant requests oral argument with the belief that it can simplify the question before the court and can help harmonize the resolution of Applicant's case with existing caselaw.

1

## ISSUE PRESENTED

Is Applicant's plea of guilty was involuntary when the results of the laboratory report do not indicate the presence of the controlled substance the State alleged Applicant possessed in the charging instrutment?

## STATEMENT OF FACTS

On October 21, 2014, Applicant was charged with possession of substance in penalty group 2, one gram or more but less than four grams (MDMA) in Cause 1445686. Writ Exhibit 1. Applicant was formally charged by information, pled guilty pursuant to a plea agreement, and was convicted of possession of substance in penalty group 2, one gram or more but less than four grams (MDMA) on December 2, 2014. Writ Exhibits 2, 3, 4. About a month-and-a-half later, evidence seized from Applicant was tested by the Houston Forensic Science Center. Writ Exhibit 5. According to the laboratory analyst, no MDMA was detected in the evidence, but other controlled substances were detected. Writ Exhibit 5. The State has conceded that Applicant was not provided notice of the lack of evidence supporting his conviction for possession of MDMA before the guilty plea was entered and accepted in this case. *Agreed Findings of Fact and Conclusions of Law* at Finding of Fact 5.

## SUMMARY OF THE ARGUMENT

This Court has granted relief based on an involuntary plea in a wide variety of situations, even in cases where the evidence suggests that the defendant committed *some* offense or even the offense the defendant judicially confessed to committing.

The core concern addressed by the Court in involuntary plea cases was not the relative culpability of the defendant, but whether the defendant's plea was knowing and voluntary. Much like a case where a person pled guilty, but is actually innocent of a crime, or where a person pled guilty, but is only guilty of a lesser-included offense, no rational factfinder having access to the laboratory results in this case could find Applicant guilty of possession of substance in penalty group 2,[1] one gram or more but less than four grams (MDMA). Consequently, it was not a rational decision to plead guilty.

Applicant's conviction for possession of substance in penalty group 2, one gram or more but less than four grams (MDMA) has constitutional implications, and cannot be left to stand. First, as possession of MDMA and methamphetamine are different crimes and may be prosecuted successively, there is nothing that prevents Applicant's being prosecuted for possession of methamphetamine, even after being convicted for possession of MDMA. Second, as there is no valid evidence that Applicant possessed MDMA as alleged in the indictment, Applicant has, in effect, been convicted of charges other than those set forth in the indictment. If Applicant's conviction is permitted to stand, it threatens to permit the conviction of defendants, where an offense never occurred.

---

[1] This brief shall employ the statutory title for the offense "possession of substance in penalty group 2" rather than the more common parlance "possession of controlled substance in penalty group 2."

3

**I. As Michael Williams conclusively established that he did not possess MDMA, Michael Williams's plea is involuntary and his conviction offends principles of due process**

**A. Where there is no evidence to support a conviction or where the evidence supporting a conviction is refuted by clear and convincing evidence, the conviction is invalid**

**1. This Court has repeatedly held that where there is no evidence to support an element of a person's conviction, a defendant's conviction is invalid**

In many individual contexts, the Court of Criminal Appeals has determined that where there is no evidence regarding a key element of a criminal allegation, a conviction is invalid. *See Gonzalez v. State*, 588 S.W.2d 574, 577–578 (Tex. Crim. App. 1979). The defendant's guilt or innocence of a similar offense, even a lesser-included-offense, is unimportant when determining whether the State offered sufficient proof to establish the elements of a different offense. *See Ex parte Perales*, 215 S.W.3d 418, 419–420 (Tex. Crim. App. 2007) (although there was evidence that Perales illegally ingested cocaine, there was no evidence to support her conviction for delivery of cocaine to her unborn child). Furthermore, even where the defendant pleads guilty, if there is no evidence that can support each element of the offense, the conviction cannot stand. *See State v. Wilson*, 324 S.W.3d 595, 597–598 (Tex. Crim. App. 2010)

(even though Wilson was guilty of a lesser-included offense and pleaded guilty to the greater offense, Wilson was entitled to relief when there was no evidence to support the jurisdictional element in Wilson's felony DWI case). A claim that there is no evidence to support a conviction is so fundamental that it can be raised at any time. *Ex parte Coleman*, 599 S.W.2d 305, 307 (Tex. Crim. App. 1978).

> **2. This Court has repeatedly held that where a defendant shows his or her innocence of the charges, the defendant's conviction is invalid**

A defendant who can prove actual innocence by clear and convincing evidence is entitled to relief, even when afforded a fair trial. *Ex parte Elizondo*, 947 S.W.2d 202, 207–208 (Tex. Crim. App. 1996). Just as a defendant who raises a "no evidence" claim may proceed regardless of whether the defendant pleaded guilty or innocent, the defendant's plea is irrelevant to the consideration of an actual innocence claim. *Ex parte Tuley*, 109 S.W.3d 388, 390 (Tex. Crim. App. 2002). The central focus of actual innocence jurisprudence is whether, after accounting for the evidence adduced after trial, the applicant has shown "by clear and convincing evidence that no reasonable juror would have convicted him in light of the new evidence." *Ex parte Elizondo*, 947 S.W.2d at 209.

5

**B. The laboratory report indicates that there is no evidence to support an essential element of Michael Williams's conviction, namely the requirement that Michael Williams's actually possessed MDMA in this case**

**1. The evidence conclusively establishes that Michael Williams did not possess MDMA as charged in the information**

The laboratory report, included as part of the trial court's findings, conclusively established that there was no MDMA detected in the sample tested by the Houston Forensic Science Center. Writ Exhibit 5 (unlabeled). All parties agreed and the trial court concluded that there was no MDMA detected in the sample. *Agreed Findings of Fact and Conclusion of Law* at Finding of Fact 4, *Ex parte Williams*, No. 1445686-A (208th Dist. Ct., Harris Cty., Tex. Oct. 21, 2014) (filed Feb. 27, 2015).

**2. Michael Williams's conviction is invalid and has the same due process implications as a no evidence or actual innocence case**

With the laboratory report indicating that no MDMA was found in the evidence collected in this case, the laboratory report negates the essential element of the offense that Applicant actually possessed MDMA. As in *Ex parte Elizondo*, no juror receiving the laboratory report could rationally convict based on a police officer's testimony that he thought the substance contained MDMA. *See Curtis v. State*, 548 S.W.2d 57, 59 (Tex. Crim. App. 1977) (police officer testimony insufficient for controlled substance identification). If Applicant had insisted upon trial and the

6

laboratory report and corresponding testimony offered as evidence, there would be insufficient evidence to support his conviction. *Id.* The fact that Applicant pled guilty should be not make any difference in the consideration of the case: "[this Court does] not make the distinction between those who have pleaded guilty and those who have pleaded not guilty for other claims of relief raised in habeas applications." *Ex parte Tuley*, 109 S.W.3d at 391-392. Nor should the fact that Applicant may have been properly charged and convicted of a different offense, a distinction not made in cases like *Wilson* and *Ex parte Perales*, which focus on whether the evidence supports the specific conviction in a given case. *Wilson*, 324 S.W.3d at 597–598; *Ex parte Perales*, 215 S.W.3d at 419–420). It should not matter whether MDMA and methamphetamine are both controlled substances, as possession of methamphetamine and possession of MDMA are distinct crimes. *See Watson v. State*, 900 S.W.2d 60, 61 (Tex. Crim. App. 1995) (holding that possession of cocaine is a different crime than possession of heroin). While the possession to possess one particular controlled substance may supply the requisite culpable mental state for conviction of a different controlled substance offense, there is no corresponding provision allowing that evidence of detection of a specific controlled substance can support a conviction for a different controlled substance offense. *C.f.* TEX. PENAL CODE § 6.04(b)(1).

Though a judicial confession is generally sufficient evidence to support a conviction, the judicial confession in this case has been fully refuted by the laboratory report. *Potts v. State*, 571 S.W.2d 180, 181–182 (Tex. Crim. App. 1978) (a judicial

7

confession is sufficient to support a conviction). This Court must ensure that Applicant "is not convicted of a crime that never occurred." *See Salazar v. State*, 86 S.W.3d 640, 644 (Tex. Crim. App. 2002) (explaining the purpose of the corpus delicti doctrine, which ensures the integrity of cases involving extrajudicial confessions). Additionally, the punishment of both the innocent and guilty alike violates the due process clause of the constitution, if the evidence supporting the conviction is refuted or there is simply no evidence supporting the conviction. *See Ex parte Elizondo*, 947 S.W.2d at 209; *Ex parte Perales*, 215 S.W.3d at 419 (Both explaining that a due process violation has occurred where there is no evidence to support a conviction or where the defendant is shown to be innocent of the charges). As the laboratory report refutes the claim that Applicant possessed MDMA, the conviction cannot stand:

> Regardless of any benefit that may have accrued as a direct result of the plea agreement, when a defendant has been convicted of an offense for which he claims that he is "actually innocent, and he proves it, he will be relieved from the restraint of the conviction even though he may have pleaded guilty and confessed."

*Wilson*, 324 S.W.3d at 599.

**C. There is nothing which meaningfully differentiates Michael Williams's case from previous cases involving involuntary pleas**

Pleas may be found involuntary for a number of reasons, including failure to admonish the defendant, failure to warn a defendant of the clear consequences of a

conviction, erroneous advice of counsel, and actual innocence.[2] Whether a plea is involuntary or not does not depend upon the moral blameworthiness of the defendant, a plea may be involuntary whether the defendant is innocent, is guilty of some lesser offense, of even may be guilty of the offense of conviction.[3] A plea in involuntary when a defendant operates under erroneous information "of such importance, and so critical to his decision, as to cast doubt on the validity of the plea." *Ex parte Moody*, 991 S.W.2d 856, 858 (Tex. Crim. App. 1999) (Involuntary plea when lawyer provided erroneous advice whether sentences would run consecutively or concurrently). This Court has previously held that where there is disagreement between the controlled substance of conviction and the controlled substance detected in the evidence, the defendant is entitled to relief. *See Ex Parte Mack*, No. AP-75345, 2006 WL 475777, 1 (Tex. Crim. App. 2006) (mem. op., not designated for publication) (Where a defendant pleaded guilty, believing the evidence to contain one

---

[2] *See Ex parte Tovar*, 901 S.W.2d 484, 486 (Tex. Crim. App. 1995) (if a failure to admonish a defendant affects the decision to enter into a plea, the plea is involuntary); *Ex Parte Moussazadeh*, 361 S.W.3d 684, 691 (Tex. Crim. App. 2012) (a failure to warn a defendant of clear consequences can result in an involuntary plea); *Ex parte Griffin*, 679 S.W.2d 15, 17 (Tex. Crim. App. 1984) (trial counsel's misrepresentation to a defendant can result in an involuntary plea); *Ex parte Brown*, 205 S.W.3d 538, 545–546 (Tex. Crim. App. 2006) (newly discovered evidence exonerating a person can overcome an involuntary plea).
[3] *Ex Parte Moussazadeh*, 361 S.W.3d at 692 (Involuntary plea where defendant was merely misinformed about parole eligibility as it related to his offense); *Wilson*, 324 S.W.3d at 599–600 (Involuntary plea where defendant was only guilty of a lesser-included DWI offense); *Ex parte Thompson*, 153 S.W.3d 416, 420–421 (Tex. Crim. App. 2005) (Involuntary plea where defendant was actually innocent).

controlled substance, but where the evidence contains another substance entirely, the defendant was entitled to relief). Holding Applicant's plea voluntary despite the laboratory report would offend concepts of right to notice, the right to due process, and would produce a manifestly unjust result in this case. No rational defendant would plead guilty to an offense the defendant did not commit. As possession of methamphetamine and possession of MDMA are different crimes and may be prosecuted separately, Applicant's plea afforded him no benefit and no protection from successive prosecution. *Watson,* 900 S.W.2d at 61.

## II. Upholding the conviction in this case would undermine Michael Williams's constitutional rights

### A. Possession of MDMA and possession of methamphetamine are separate crimes

Methamphetamine and MDMA are distinct chemicals, not mere analogues or isomers, with distinguishable profiles and different effects on the body.[4] Each is located within a separate penalty group in the Texas Controlled Substance Act. TEX. HEALTH & SAFETY CODE §§ 481.102(6); 481.103(a)(1). Possession of methamphetamine and MDMA are criminalized in separate statutes, and the

---

[4] *See Methamphetamine (and Amphetamine)*, NATIONAL HIGHWAY TRAFFIC SAFETY ADMINISTRATION *available at* http://www.nhtsa.gov/people/injury/research/job185drugs/methamphetamine.htm; *Methylenedioxymethamphetamine (MDMA, Ecstasy)*, NATIONAL HIGHWAY TRAFFIC SAFETY ADMINISTRATION *available at* http://www.nhtsa.gov/people/injury/research/job185drugs/methylenedioxymethamphetamine.htm

punishment for the offenses differs significantly for amounts over 200 grams. TEX. HEALTH & SAFETY CODE §§ 481.115, 481.116.

**B. The Double Jeopardy implications of upholding Michael Williams's conviction for possession of MDMA**

This Court has, on multiple occasions, distinguished different Controlled Substance Act related offenses for purposes of the constitutional protections against double jeopardy, even if the offenses arise out of the same criminal transaction. As a general rule, "[t]o determine the double jeopardy implications of successive prosecutions for offenses arising out of a single criminal transaction we now apply the offense defining test set forth in *Blockburger v. United States.*" *Ex parte Russell,* 632 S.W.2d 596, 596 (Tex. Crim. App. 1982) (citation omitted). For purposes of the double jeopardy clause of the Fifth Amendment, possession of methamphetamine and possession of MDMA are separate crimes as "each offense requires proof of an element that the other offense […] does not." *Watson,* 900 S.W.2d at 61 (holding that possession of cocaine is a different crime than possession of heroin). Upholding Applicant's conviction for possession of MDMA would have dire consequences and would allow the State to bypass Applicant's protection against double jeopardy. As possession of MDMA and methamphetamine are different offenses for double jeopardy purposes, without habeas corpus relief, Applicant remains vulnerable to prosecution for possession of methamphetamine, notwithstanding the conviction for possession of MDMA.

11

## C. The Due Process implications of Michael Williams's conviction

It has long been held that "[a] court cannot permit a defendant to be tried on charges that are not made in the indictment against him." *Stirone v. United States*, 361 U.S. 212, 217 (1960). Discussing whether charges for possession of methamphetamine could simply be amended to reflect charges of possession of cocaine, the Fifth Court of Appeals in Dallas concluded that allowing the amendment would violate a defendant's right to a grand jury:

> If possession of each individual substance within a penalty group was the same statutory offense, the State could amend an indictment over objection, interchanging among any one of the nine subsections and over one hundred complex chemical structures individually composing Penalty Group 1, at will. This would directly contravene the statutory intent of the legislature as discussed in Watson.

*Nichols v. State*, 52 S.W.3d 501, 503 (Tex. App.−Dallas 2001, no pet.). Several decades ago, the United States Court of Appeals for the Fifth Circuit employed similar reasoning, concluding that if a person was convicted for an offense not alleged in the grand jury's indictment, the conviction is invalid:

> The Fifth Amendment gives every indicted defendant the right to be tried only on the charges made by the grand jury that indicted him. If he is to be convicted, the conviction must rest solely on the charges made by the indictment. Neither the prosecution nor the trial judge can alter the charge to fit the proof; to do so would be usurping the function of the grand jury.

*United States v. Prejean*, 494 F.2d 495, 497 (5th Cir. 1974). As relevant to this particular case, Applicant was charged with possession of MDMA, and no evidence supports that conviction. To uphold Applicant's conviction for possession of MDMA on the

belief that he possessed a different controlled substance would unconstitutionally reach outside of the felony information and would have the same effect as altering the charge to fit the proof in this case after the ink has dried on Applicant's judgment.

## III. Other considerations

### A. A hypothetical illustrating the greater impact of the Court's decision

Imagine co-defendants Arthur Alpha and Betty Bravo both shoot at Vern Victim atop a bridge over the San Jacinto River. Vern Victim is hit and stumbles over the bridge into the water. Though the bullet narrowly missed his vital organs, Victim leaves behind quite a mess – and several eyewitnesses. Both Alpha and Bravo thought they killed Victim. Victim, a strong swimmer, surfaces out of sight and manages to evade detection as the police and emergency team drag the river and search the surrounding environs for his body. Believe that given the chance, Alpha and Bravo will kill him, Victim remains concealed until he finds out both Alpha and Betty Bravo have been convicted for his murder. Alpha pled guilty to murder while Bravo insisted on her right to trial. Two months after Bravo is convicted and sentenced for murder, Victim is seen in town by Alpha's lawyer. Can any valid policy differentiate between Alpha and Bravo, who are both "not guilty of" murder, who both acted in a way that may justify conviction of a different offense, and who both have been found criminal responsible? *See Wilson*, 324 S.W.3d at 597–598 (right to relief even when a person is guilty of a lesser-included offense). Can a valid policy deny habeas corpus relief if the punishment range for the offense Bravo and Alpha were convicted of committing is

13

identical to the punishment range for the actual offense Bravo and Alpha may have committed, even if there is no evidence to support the offense of conviction? While this case may superficial seem to be simply about drug cases, these wider implications impact any criminal case where a defendant is convicted of the wrong offense.

**B. It is impossible to gauge how having the laboratory report would have affected Michael Williams's case at the trial level**

It is impossible to tell how having the lab report on hand would have changed Applicant's decisions at the trial level:

1) Would the prosecutor confuse 3,4-methylenedioxy**methamphetamine** for methamphetamine? If so, a canny lawyer could force the case to trial and to acquittal. *See United States v. Prejean*, 494 F.2d at 497.

2) Would the prosecutor decide that, given the dangers of methamphetamine, drug treatment was more important than punishment?

3) Would the prosecutor give a fire-sale offer rather than go through the trouble of re-indicting the offense?

4) Would the mismatch between the evidence and the indictment serve as a bargaining chip, perhaps securing a conviction only for attempted possession of MDMA?

5) Would everyone miss the mistake?

A consequence of a justice system that places thousands of new defendants in Harris County's felony courts annually is that mistakes are made on a daily basis. How a

14

mistake will affect the trajectory of a case is pure speculation. A defendant cannot exercise the right to a fair trial without access to exculpatory information. *See Pena v. State*, 353 S.W.3d 797, 809 (Tex. Crim. App. 2011) (rules requiring the disclosure of exculpatory information exist to avoid an unfair trial of the accused).

### C. Considerations in filing an agreed writ of habeas corpus

Applicant's case is but a single writ in a sea of applications that have stemmed from the Harris County District Attorney's Office's past practice of leaving hundreds of problematic laboratory reports collecting dust. Michael Barajas, *Lab Reports Show Hundreds "Convicted in Error" for Drug Offenses*, HOUSTON PRESS (Oct. 29. 2014) *available at* http://www.houstonpress.com/news/lab-reports-show-hundreds-convicted-in-error-for-drug-offenses-6751687. Solving this problem in an efficient manner has been a significant concern of both the current administration of the District Attorney's Office and the Harris County Public Defender's Office. As occurs with any compromise between two parties with fundamentally different interests (the prosecution's function "to see that justice is done," the defense lawyer's function of effectuating a defendant's "right to be represented by counsel"), concessions are made in order to broker wider agreement.

Two potential grounds for relief are universally abandoned in these cases in order to facilitate agreement: the prosecution's failure to timely disclose favorable evidence to the defendant and the ineffective assistance of counsel. *See Ex parte Adams*, 768 S.W.2d 281, 289 (Tex. Crim. App. 1989) (writ raising issue of failure to

15

disclose favorable evidence to the defendant); *Ex parte Briggs*, 187 S.W.3d 458, 467 (Tex. Crim. App. 2005) (failure to conduct a full investigation of scientific evidence was ineffective assistance of counsel). Typically, an agreed writ focuses upon the systemic breakdown which occurs in a given case, not assigning blame for the breakdown. *See Ex parte Riley*, 193 S.W.3d 900, 902 (Tex. Crim. App. 2006) (finding systemic breakdown deprived defendant of due process). Additionally, agreed findings of fact and conclusions of law are stripped-down and tailored to areas of agreement, avoiding areas where an impasse would otherwise be reached.

For several years, this Court has resolved writs involving drug cases on broad systemic grounds. *See e.g. Ex Parte Frederick*, No. AP-76,646, 2011 WL 4484737 (Tex. Crim. App. 2011) (not designated for publication). Much as any lawyer relies on the State's appellate courts for guidance, the solution to Harris County's laboratory report problem relies on this Court's precedent. Applicant would respectfully entreat this Court to uphold the important precedent which affords an agreed avenue for relief in this type of cases.

## PRAYER

Applicant prays that this Court grant relief and remand his case to the trial court.

Respectfully submitted,

**ALEXANDER BUNIN**
Chief Public Defender
Harris County Texas

16

/s/ Nicolas Hughes
**NICOLAS HUGHES**
Assistant Public Defender
Harris County Texas
1201 Franklin Street, 13th Floor
Houston Texas 77002
(713) 368-0016
(713) 386-9278 fax
TBA No. 24059981
nicolas.hughes@pdo.hctx.net

## CERTIFICATE OF SERVICE

I certify that a copy of this Applicant's Brief (Williams) has been served upon the Harris County District Attorney's Office – Conviction Integrity, on June 22, 2015 by electronic service.

/s/ Nicolas Hughes
**NICOLAS HUGHES**
Assistant Public Defender

## CERTIFICATE OF COMPLIANCE

This document complies with the typeface requirements of TEX. R. APP. P. 9.4(e) because it has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes. This document also complies with the page and word count limitations of TEX. R. APP. P. 9.4(i), if applicable, because it contains 3,652 words excluding portions not to be counted under TEX. R. APP. P. 9.4(i)(1).

/s/ Nicolas Hughes
**NICOLAS HUGHES**
Assistant Public Defender

17