

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. AP-77,007

### EX PARTE NANCY GAIL KNIGHT, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### IN CAUSE NO. 53220-A FROM THE
### 47th DISTRICT COURT OF POTTER COUNTY

ALCALA, J., delivered the opinion of the Court in which MEYERS, PRICE, WOMACK, JOHNSON, HERVEY, and COCHRAN, JJ., joined. KEASLER, J., filed a concurring opinion. KELLER, P.J., concurred.

## O P I N I O N

Nancy Gail Knight, applicant, filed this application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. art. 11.07. In two grounds, she alleges that there is no evidence to support (1) the trial court's entry of a cumulation order and (2) the imposition of attorney's fees in the bill of costs. We deny the first ground and dismiss the second ground. As to the first ground, the cumulation order is supported by the evidence that the jury that convicted applicant of possession of a controlled

substance made an affirmative finding that the offense occurred in a drug-free zone, which is a finding that was included in the trial court's judgment. *See* TEX. HEALTH & SAFETY CODE § 481.134(h). That order is also supported by the record, which shows that the amount of punishment actually assessed against applicant was almost twice the statutory minimum. As to the second ground, we dismiss applicant's complaint that there is no evidence to support the imposition of attorney's fees because that claim is not cognizable on a writ of habeas corpus.

## I. Background

By two indictments, applicant was charged with (1) unlawful possession of a firearm by a felon in cause number 53,220-A and (2) possession of a controlled substance in the amount of one gram or more but less than four grams in cause number 53,219-A. *See* TEX. PENAL CODE § 46.04; TEX. HEALTH & SAFETY CODE § 481.115(c). Each of these indictments included punishment-enhancement paragraphs alleging that applicant had been twice convicted of felony offenses, which, if proven, would make her punishable as a habitual offender with a statutory minimum of 25 years in prison. *See* TEX. PENAL CODE § 12.42(d). The indictment for possession of a controlled substance additionally alleged that applicant used or exhibited a deadly weapon, which, if proven, would affect applicant's parole eligibility, and further alleged that she committed the offense in a drug-free zone, which, if proven, would raise the minimum punishment to 30 years in prison for a habitual offender. *See* TEX. HEALTH & SAFETY CODE § 481.134(h).

Applicant pleaded not guilty to possession of controlled substance and was convicted by a jury. The jury found true the allegations that she (1) used or exhibited a deadly weapon, (2) committed the offense in a drug-free zone, and (3) had been previously convicted of the offenses alleged in the two punishment-enhancement paragraphs. It assessed her punishment at 55 years in prison. The trial court included those terms in its judgment.

After she was sentenced for the drug-possession offense, applicant entered into a plea-bargain agreement with the State for 15 years in prison for the charge of felon in possession of a firearm, and that sentence was cumulated with the drug-possession conviction because of the statutory requirement for cumulated sentences when one conviction was for an offense in a drug-free zone. *See* TEX. PENAL CODE § 46.04. The State abandoned one of the punishment-enhancement paragraphs that alleged a prior conviction, and applicant pleaded guilty. The judgment states, "This sentence [for possession of a firearm] begins when the sentence in Cause 53219-A in 47th District Court of Potter County, Texas [for possession of a controlled substance] is completed." The trial court determined that applicant had no right of appeal because her conviction was pursuant to a plea-bargain agreement and she had waived the right of appeal.

The judgment in the firearm-possession case required applicant to pay the bill of costs and incorporated the bill of costs by reference. The judgment ordered that the State of Texas "have and recover of [applicant] all costs in this proceeding incurred, as set in the Bill of Costs attached hereto and by this reference incorporated herein for all purposes." The bill of

costs, however, was dated a day after the judgment was entered. The bill of costs ordered applicant to reimburse the county $1200 in fees for the attorney that had been appointed to her. Although the record shows that the trial court found that applicant was indigent when it appointed her an attorney, nothing in the record shows that the trial court ever determined that applicant was no longer indigent.

Applicant challenges the cumulation order and the order of repayment of attorney's fees. With respect to the cumulation order, the habeas court made findings of fact favorable to applicant, which we discuss in detail below. With respect to the bill of costs, the habeas court also made findings of fact favorable to applicant, concluding that she did not have an opportunity to object to those costs and that no evidence supported the charge. The habeas court found that no evidence supported these orders and recommended that relief be granted.

## II. Cumulation Order

Applicant's first ground alleges that no evidence shows that her punishment for the conviction for possession of a controlled substance was increased due to a finding of the offense's commission in a drug-free zone. The State responds that applicant's possession of a controlled substance occurred in a drug-free zone and that cumulation of the sentence for that conviction and her sentence for the firearm-possession conviction was mandatory.

### A. Applicable Law

Section 481.134(h) of the Texas Health and Safety Code, which we refer to as the "mandatory-cumulation provision," states, "Punishment that is increased for a conviction for

an offense listed under this section may not run concurrently with punishment for a conviction under any other criminal statute." TEX. HEALTH & SAFETY CODE § 481.134(h). In another case, this Court recently deleted a portion of a judgment that had ordered that a sentence be cumulated with another sentence because the record was insufficient to support application of the mandatory-cumulation provision. *See Moore v. State*, 371 S.W.3d 221, 229 (Tex. Crim. App. 2012). In *Moore v. State*, this Court held that, "[w]hen sentences are mandatorily cumulated under the drug-free-zone statute, the criminal offenses reflected in the judgment must not be listed in the drug-free-zone statute." *See id*. at 226 (citing TEX. HEALTH & SAFETY CODE § 481.134). We sustained Moore's challenge because both convictions were for offenses listed in the drug-free-zone statute, making cumulation discretionary rather than mandatory.[1] *See id.* at 227-28. Cumulation is mandatory under the drug-free-zone statute when one offense is listed in the drug-free-zone statute and one is not. *See id.* at 226 (citing TEX. HEALTH & SAFETY CODE § 481.134).

This Court has not yet determined whether the language of the mandatory-cumulation provision, which states that "[p]unishment that is increased for a conviction for an offense

---

[1]     We note that, in the absence of the mandatory-cumulation provision, the trial court had discretion to cumulate the sentences under the Texas Code of Criminal Procedure. *See* TEX. HEALTH & SAFETY CODE § 481.134(h); TEX. CODE CRIM. PROC. art. 42.08.  The record, however, does not show that the sentences were cumulated under this discretionary provision or as part of applicant's plea bargain. Accordingly, the habeas judge's findings state that he was "unable to make a finding whether or not the [trial judge] would have cumulated applicant's sentences but for the prosecutor's representation that cumulation was mandatory."  The concurring opinion disagrees with this finding of fact by the habeas judge and determines that cumulation was imposed as part of the plea bargain. But we must defer to the judge's fact finding because it is supported by the record. *See Ex parte Reed*, 271 S.W.3d 698, 727 (Tex. Crim. App. 2008).

listed under this section," means either (1) that the punishment range was increased due to an affirmative finding of a drug-free zone violation or (2) that the fact finder actually increased the amount of punishment that was assessed after it found a drug-free-zone violation. *See* TEX. HEALTH & SAFETY CODE § 481.134(h). We need not resolve that dispute here because even if the latter, higher evidentiary burden applies, the evidence satisfies that burden.

We have limited review of evidence claims in habeas proceedings. *See Ex parte Perales*, 215 S.W.3d 418, 419 (Tex. Crim. App. 2007). A claim of insufficient evidence is not cognizable on a postconviction writ of habeas corpus, but a claim of no evidence is cognizable.[2] *Id.* Because our jurisdiction is limited to review for any evidence rather than

---

[2] In the concurring opinion, it is suggested that applicant's claim is not cognizable in an application for a writ of habeas corpus because applicant expressly waived her right to appeal by pleading guilty and is thus prohibited from challenging the cumulation order for the first time on habeas. In support of this proposition, the concurring opinion cites *Ex parte Townsend*, in which this Court held that an applicant had forfeited his improper-stacking-order claim because that claim should have been raised on direct appeal. 137 S.W.3d 79, 82 (Tex. Crim. App. 2004). This Court's holding in *Townsend*, however, was not specific to stacking claims, but instead was rooted in the more general principle that habeas corpus is an extraordinary remedy available only when there is "no other adequate remedy at law." *Id.* at 81 (citing *Ex parte Drake*, 883 S.W.2d 213, 215 (Tex. Crim. App. 1994)). In *Townsend*, we reasoned that the applicant in that case had an adequate remedy at law because he was afforded the opportunity to raise the stacking issue on appeal following his conviction. *Id.* (noting that there was "nothing to prevent the applicant from raising this claim on direct appeal"). Unlike the applicant in *Townsend*, the applicant in this case could not have challenged the cumulation order on direct appeal because she waived her appellate rights pursuant to the plea agreement. Thus, applicant does not have another adequate remedy at law. *Id.* Habeas corpus is the only vehicle for consideration of her no-evidence claim.

Furthermore, this Court has, in other cases, permitted a no-evidence challenge even when an applicant waived the right of appeal at trial. *See, e.g., Ex parte Perales*, 215 S.W.3d 418, 419 (Tex. Crim. App. 2007) (holding that, notwithstanding applicant's waiver of appellate rights, no-evidence claim "cognizable" on habeas). We, therefore, conclude that applicant's no-evidence claim is cognizable regardless of any waiver of appellate rights through her plea agreement. *See id.*

for sufficient evidence, we must deny the application if there is any evidence to support application of the mandatory-cumulation provision. *See id*.; TEX. HEALTH & SAFETY CODE § 481.134(h).

## B. Some Evidence Supports the Cumulation Order for Drug-Free-Zone Offense

In its findings of fact, the trial court stated that no evidence was presented to show that applicant's 55-year prison sentence for possession of a controlled substance "was in fact increased under [Texas Health and Safety Code] Sec. 481.134." The trial court apparently presumed that the evidence must show that the jury actually increased the punishment assessed due to the drug-free-zone finding. We will likewise make that presumption. It is important to note, however, that direct evidence that a jury actually increased a defendant's sentence due to a drug-free-zone finding will never be present because the rules of evidence prohibit evidence from jurors about their deliberative process. *See* TEX. R. EVID. 606 ("[A] juror may not testify as to any matter or statement occurring during the jury's deliberations, or to the effect of anything on any juror's mind or emotions or mental processes, as influencing any juror's assent to or dissent from the verdict or indictment."). For this reason, assuming that the record must show that the fact finder actually increased a defendant's sentence due to the affirmative finding of the drug-free-zone violation, the habeas record will almost always be limited to a review of the circumstantial and documentary evidence.

The record shows that the indictment for the drug-possession offense alleged that applicant "did commit the above alleged offense within 1,000 feet of the premises of a

school, namely, St. Mary's school." The jury found applicant guilty of that offense and made an affirmative finding that the possession occurred in a drug-free zone. As to the "special issue drug free zone," the judgment states, "We, the jury, find it true . . . that the defendant . . . did commit this offense in, on or within one thousand fee[t] of a school," and the signature of the presiding juror follows the statement. The judgment orders, adjudges, and decrees that applicant "is guilty of Possession of a Controlled Substance in a Drug Free Zone, Enhanced, the Jury having found that the offense occurred in a Drug Free Zone." In pertinent part, the judgment states, "Offense Convicted of: Possession of a Controlled Substance in a Drug Free Zone, Enhanced" and "Finding on Drug Free Zone: Affirmative." Because the jury found true the punishment-enhancement paragraphs, which alleged that applicant had two prior felony convictions, the minimum punishment for this offense was 25 years in prison, which was elevated to a minimum of 30 years in prison due to the drug-free-zone finding. TEX. HEALTH & SAFETY CODE § 481.134(c). The jury-imposed sentence of 55 years in prison is almost twice the statutory minimum sentence of 30 years.

Based on the entire record, some evidence shows that the jury increased applicant's punishment due to the drug-free-zone violation because it found the allegation true, the trial court included that affirmative finding in its judgment, and the jury sentenced applicant at the higher punishment range. Although applicant may have arguments as to why the evidence does not show that the jury actually increased her sentence due to the drug-free-zone finding, those arguments have little weight in a habeas proceeding, which is limited to a review for

some evidence rather than for sufficient evidence. We hold that some evidence shows that the punishment for the drug-possession offense was increased due to the jury's drug-free-zone affirmative finding. We, therefore, deny relief as to this claim.

### III.  Bill of Costs for Attorney's Fees

Applicant's second ground argues that "no evidence was presented to support the attorney fee charged by the bill of costs." Applicant explains that the bill of costs assesses $1200 for attorney's fees, but asserts that the evidence failed to show that she was not indigent. Applicant argues that no evidence shows that she was able to reimburse any part of the attorney's fees, and, therefore, the attorney's fees should not have been included in the bill of costs. The State responds that it could not find any authority specifically stating that a claim that no evidence supports an order of reimbursement of attorney's fee is cognizable in a habeas proceeding.

### A.  Applicable Law

The then-applicable provision in the Code of Criminal Procedure required a trial court to order a defendant to pay costs of legal services provided if it determined that she had financial resources that would enable her to pay. *See* former TEX. CODE CRIM. PROC. art. 26.05(g) (Vernon 2002).[3]  "[T]he defendant's financial resources and ability to pay are

---

[3]    That provision read,

If the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of legal services provided, including any expenses and costs, the court shall order the defendant to pay during the pendency of the charges or, if convicted, as court costs the amount that it finds the defendant is able

explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees" under Article 26.05(g). *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010). The habeas court did not find, and the State does not contend, that the trial court predicated its reimbursement order on any finding with respect to the "critical elements" that a trial court must consider in determining whether to issue that type of order. *See In re Daniel,* 396 S.W.3d 545, 548 (Tex. Crim. App. 2013). Rather than claiming that the attorney's fees were properly assessed, the State's response focuses on this Court's lack of jurisdiction because this is a habeas case rather than a direct-appeal case.

On direct appeal, a defendant may properly challenge an order requiring repayment of attorney's fees even though that order is not part of a defendant's sentence. *Armstrong v. State*, 340 S.W.3d 759, 765-67 (Tex. Crim. App. 2011) ("[C]ourt costs do not 'alter the range of punishment to which the defendant is subject, or the number of years assessed' and, thus, are not part of the sentence.") (quoting *Weir v. State*, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009)). If this case were before us on direct appeal, we could address the propriety of the order requiring repayment of attorney's fees. *See id.*

Applicant has raised this issue, however, in an application for a writ of habeas corpus. We recently held, in *In re Daniel*, that we lacked jurisdiction to grant habeas relief under Texas Code of Criminal Procedure Article 11.07 because a challenge to a reimbursement

---

to pay.

Former Tex. Code Crim. Proc. art. 26.05(g).

order "in no way implicates the fact or duration of [an applicant's] confinement pursuant to his conviction and, therefore, it is not the proper subject of a statutorily governed post-conviction application for writ of habeas corpus." *See Daniel*, 396 S.W.3d at 548. This ground, therefore, must be dismissed.

The remaining question is whether we should treat applicant's habeas application as a petition for mandamus as we did in *Daniel*. *See id*. at 549. We decline to do so. The difference between the procedural posture of *Daniel* and this case compels us to take a different turn at this fork in the road. In *Daniel*, the district clerk, sua sponte and without judicial action or approval, executed a bill of costs nine years after the judgment convicting Daniel. *See id*. at 546-47. We observed that Daniel lacked an adequate legal remedy because the bill of costs was entered "long after the applicant could have challenged it in the course of an ordinary appeal . . . ." *Id*. at 549. We also observed that Daniel had conclusively established his right to relief. *Id*. This Court treated Daniel's application for a writ of habeas corpus as a petition for mandamus and granted the petition by ordering the district clerk to delete the attorney's fees from the bill of costs. *Id*. at 547, 549.

Unlike the applicant in *Daniel*, this applicant has not shown that she lacks an adequate legal remedy. This Court has held that, "when a court of appeals and this court have concurrent, original jurisdiction of a petition for a writ of mandamus against the judge of a district or county court, the petition should be presented first to the court of appeals unless there is a compelling reason not to do so." *Padilla v. McDaniel*, 122 S.W.3d 805, 808 (Tex.

Crim. App. 2003) (per curiam). Here, because the judgment incorporated the bill of costs by reference, a petition for a writ of mandamus would be directed against the district-court judge, and such a petition must first be decided by the court of appeals. *See id*. By comparison, in *Daniel*, the petition was directed against the district clerk, who independently charged Daniel with a bill of costs without judicial authorization. *Daniel*, 396 S.W.3d at 547-48. Because the action was directed against the district clerk challenging his authority to enter an order, only this Court had the authority to grant mandamus relief, and, therefore, Daniel could not have sought or obtained relief from the court of appeals. *See id.* at 548-49 (citing TEX. CONST. art. V, § 5(c)). In light of our requirement that a defendant first file a petition for mandamus against a district-court judge in the court of appeals, we decline to treat this application as a petition for a writ of mandamus. *See Padilla*, 122 S.W.3d at 808.

## IV. Conclusion

We deny applicant's no-evidence challenge to the cumulation order because some evidence supports it. We dismiss applicant's challenge to the trial court's order requiring repayment of attorney's fees because that order does not affect the fact or duration of applicant's confinement pursuant to her conviction. Finally, because the court of appeals has concurrent jurisdiction over a petition for a writ of mandamus directed against a district-court judge, we decline to treat this habeas application as a petition for mandamus.

Delivered: June 26, 2013

Publish