**Opinion issued March 6, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00458-CR

———————————

## WILLIAM SOLOMON LEWIS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 239th District Court
Brazoria County, Texas
Trial Court Case No. 59246

## O P I N I O N

Appellant, William Solomon Lewis, appeals the trial court's denial of his motion to correct costs. In one issue, appellant argues the trial court abused its discretion by failing to hold a hearing on his claim that the attorney's fees the trial

court had ordered him to pay could not be assessed as costs because the basis for the fees had been falsified.

We affirm.

## Background

Appellant was charged by indictment with retaliation[1] in March 2009. The trial court determined appellant was indigent and appointed counsel. The trial court later reconsidered appellant's indigence. On July 2, 2009, the trial court determined that a material change in appellant's financial circumstances had occurred and ordered appellant's mother, as power of attorney for appellant, to deposit $20,000 in the registry of the court. Appellant's mother complied.

Appellant's appointed attorney filed a motion to withdraw in August 2009, stating appellant wanted to represent himself pro se. The trial court granted the motion. The attorney then submitted a voucher identifying the attorney's fees ($8,555) and expenses ($39) she had incurred in the case. On August 31, 2009, the trial court ordered $8,000 to be paid to the attorney from the money in the court registry.

---

[1] *See* TEX. PENAL CODE ANN. § 36.06(a)(1)(A) (Vernon 2011).

On August 23, 2010, appellant filed a notice of appeal concerning the August 31, 2009 order. We determined that we lacked jurisdiction because there was no timely order from which appellant could appeal.[2]

During the pendency of that appeal, the State filed a motion to dismiss the action against appellant. The trial court granted that motion on November 29, 2011. On December 18, 2012, appellant filed a motion for the correction of costs, arguing the fees assessed in the August 31 order were based on falsified records. Appellant argues on appeal that he also filed the motion on October 19, 2012, but the motion was improperly rejected by the district clerk. On May 9, 2013, the trial court denied appellant's motion for correction of costs. Appellant timely filed his notice of appeal.

## Hearing on Correction of Costs

In his sole issue, appellant argues the trial court abused its discretion by failing to hold a hearing on his claim that the attorney's fees the trial court had ordered him to pay could not be assessed as costs because the basis for the fees had been falsified. Appellant relies on article 26.05 of the Texas Code of Criminal Procedure as authority for his argument that the attorneys' fees the trial court ordered to be paid constitute court costs. *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (Vernon Supp. 2013). He further argues article 103.008 of the Texas

---

[2] *Lewis v. State*, Nos. 01-10-00761-CR, 01-10-00762-CR, 2012 WL 2453726, at *2 (Tex. App.—Houston [1st Dist.] June 28, 2012, no pet.).

3

Code of Criminal Procedure authorized him to challenge the order for payment of attorney's fees. *See* TEX. CODE CRIM. PROC. ANN. art. 103.008 (Vernon 2006). We hold that, according to the plain language of article 26.05, the August 31, 2009 order did not constitute an assessment of costs and, accordingly, article 103.008 did not authorize appellant to challenge the order a year after the final judgment. Accordingly, the trial court did not abuse its discretion by failing to hold a hearing on his motion.

## A.    Standard of Review

"Statutory interpretation is a question of law that we review de novo." *Bays v. State*, 396 S.W.3d 580, 584 (Tex. Crim. App. 2013) (citing *Nguyen v. State*, 359 S.W.3d 636, 641 (Tex. Crim. App. 2012)). In interpreting statutes, we seek to effectuate the Legislature's collective intent and presume that the Legislature intended for the entire statutory scheme to be effective. *See* TEX. GOV'T CODE ANN. § 311.021 (Vernon 2013); *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991). The plain meaning of a statute is determined by construing the literal text of the statute according to the rules of grammar and common usage and presuming that every word was meant to serve a discrete purpose that should be given effect. *Baird v. State*, 398 S.W.3d 220, 228 (Tex. Crim. App. 2013). If the language is unambiguous, our analysis ends because the Legislature must be

4

understood to mean what it has expressed, and it is not for the courts to add to or subtract from such a statute. *Boykin*, 818 S.W.2d at 785.

**B. Analysis**

Article 103.008 provides, "On the filing of a motion by a defendant not later than one year after the date of the final disposition of a case in which costs were imposed, the court in which the case is pending or was last pending shall correct any error in the costs." TEX. CODE CRIM. PROC. ANN. art. 103.008(a). The statute specifically concerns correcting errors in court costs. *Id.* Accordingly, if the order to pay attorney's fees does not constitute a court cost, appellant cannot rely on article 103.008 to challenge the order. *See id.*

Article 26.05 establishes the mechanism for a court-appointed attorney for an indigent defendant to be reimbursed for incurred attorney's fees and expenses. *See id.* art. 26.05. Subsection (f) provides that all payments under the article that are paid out of the general fund of the applicable county "may be included as costs of court." *Id.* art. 26.05(f). Subsection (g) provides,

> If the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, including any expenses and costs, *the court shall order the defendant to pay during the pendency of the charges or, if convicted, as court costs* the amount that it finds the defendant is able to pay.

*Id.* art. 26.05(g) (emphasis added).

The costs were not paid out by Brazoria County. Accordingly, the order to pay attorney's fees could not be assessed as a court cost under authority of subsection (f). *See id.* art. 26.05(f). The plain language of subsection (g) draws a clear distinction between an order to pay fees during the pendency of the charges and an order to pay fees as court costs. *See id.* art. 26.05(g); *see also Baird*, 398 S.W.3d at 228 (holding statutes are interpreted according to rules of grammar and assuming every word was meant to serve a discrete purpose). Under the statute, the order to pay fees renders the fees as court costs only if the order issues after a defendant has been convicted. TEX. CODE CRIM. PROC. ANN. art. 26.05(g).

The trial court's order for appellant's attorney's fees to be paid from the money in the court registry was issued during the pendency of the charges against him. Those charges were dismissed and appellant was not convicted of those charges. Accordingly, the fees cannot be characterized as court costs. *See id.* Because the fees are not court costs, appellant cannot use article 103.008 to challenge them one year after the final disposition of his case. We hold, then, that appellant did not have a right to a hearing for his 103.008 motion based on the grounds presented in the motion.

Any challenge to the order should have been raised on direct appeal from the final judgment. *See Ex Parte Knight*, 401 S.W.3d 60, 66 (Tex. Crim. App. 2013) (holding order requiring payment of attorney's fees can be challenged on direct

appeal even though order is not part of defendant's sentence). Appellant had 30 days from the date of the dismissal of the charges against him to initiate a direct appeal over the August 31 order. *See* TEX. R. APP. P. 26.2(a) (requiring notice of appeal to be filed within 30 days of entry of appealable order). The charges against him were dismissed in the underlying case on November 29, 2011. Accordingly, appellant's deadline to appeal the August 31 order expired after December 29, 2011.

We overrule appellant's sole issue.

## Conclusion

We affirm the order of the trial court denying appellant's motion for correction of costs.

Laura Carter Higley
Justice

Panel consists of Justices Jennings, Higley, and Sharp.

Publish. TEX. R. APP. P. 47.2(b).