

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-15-00783-CR

**EX PARTE** Tamara Joy **MCCRACKEN**

From the 198th Judicial District Court, Kerr County, Texas
Trial Court No. B14554
Honorable M. Rex Emerson, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:    Karen Angelini, Justice
Marialyn Barnard, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  August 3, 2016

AFFIRMED

Tamara Joy McCracken pled guilty to possession of a controlled substance in a drug-free zone, and the trial court deferred an adjudication of her guilt and placed her on three years community supervision.  After the State filed a motion to adjudicate, McCracken filed an 11.072 application for writ of habeas corpus asserting several reasons she should be granted a new trial based on her contention that the distance between the location of the offense and the alleged drug-free zone (a playground) was over 1,000 feet.  McCracken appeals the trial court's order denying her application asserting she conclusively established the location of the offense was not within 1,000 feet of a playground.[1]  We affirm the trial court's order.

---

[1] Although McCracken's frames her issue in terms of the voluntariness of her plea, she also argues she is actually innocent of the drug-free zone enhancement allegation.

## BACKGROUND

McCracken was indicted for possession of a controlled substance, and the indictment alleged the following drug-free zone enhancement:

> And it is further presented in and to said Court that the defendant committed the above offense within 1,000 feet of the premises of a park, to wit: SCHREINER CITY PARK, located at 2358 Bandera Highway, Kerrville, Texas.

As previously noted, McCracken pled guilty to the offense and was placed on deferred adjudication community supervision.

After the State filed a motion to adjudicate, McCracken filed her 11.072 application for writ of habeas corpus. In her application, McCracken asserted her trial counsel failed to investigate the validity of the drug-free zone allegation; however, after the State filed its motion, her newly appointed counsel had a survey conducted which demonstrated that the offense occurred more than 1,000 feet from the drug-free zone. McCracken asserted she was entitled to a new trial because: (1) trial counsel was ineffective in failing to investigate the distance; (2) her plea of guilty was involuntary because she was misled by trial counsel regarding the drug-free zone allegation; and (3) the indictment does not allege a proper drug-free zone enhancement, and no evidence established that she committed the offense in a drug-free zone. After the trial court denied McCracken's application, she pled true to the grounds listed in the State's motion to adjudicate. The trial court adjudicated her guilt and sentenced her to three years' imprisonment. McCracken appeals.

## DIRECT APPEAL V. DENIAL OF HABEAS APPLICATION

The State contends McCracken's complaint is waived because she failed to appeal the trial court's order deferring her adjudication. *See Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999) ("[A] defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceedings, such as evidentiary sufficiency, only in appeals

taken when deferred adjudication community supervision is first imposed."). The State also contends McCracken's voluntariness claim is not cognizable on appeal. *Woods v. State*, 108 S.W.3d 314, 315-16 & n.6 (Tex. Crim. App. 2003) (noting voluntariness of a plea is not cognizable in an appeal of a judgment rendered on a defendant's guilty plea). Although the State's contentions would be correct if McCracken was appealing the trial court's judgment adjudicating her guilt, McCracken is appealing the trial court's order denying her 11.072 application for writ of habeas corpus.[2] Under article 11.072, an applicant may apply for a writ of habeas corpus seeking relief from an order imposing community supervision. TEX. CODE CRIM. PROC. ANN. art. 11.072 (West 2015). "[T]he jurisdiction of a court to consider an application for writ of habeas corpus is determined at the time the application is filed." *Kniatt v. State*, 206 S.W.3d 657, 663 (Tex. Crim. App. 2008). Because McCracken filed her application while she was still on court-ordered deferred adjudication community supervision, we have jurisdiction to consider her appeal of the trial court's order denying her habeas application. *Id.*; *Arreloa v. State*, 207 S.W.3d 387, 390 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

## STANDARD OF REVIEW

"We have limited review of evidence claims in habeas proceedings." *Ex parte Knight*, 401 S.W.3d 60, 64 (Tex. Crim. App. 2013). Although a challenge to the sufficiency of the evidence is not cognizable in a habeas application, "a claim of no evidence is cognizable because where there has been no evidence upon which to base a conviction, a violation of due process has occurred and

---

[2] Because McCracken's notice of appeal only refers to the judgment of conviction, the State argues her notice of appeal is not sufficient to appeal the trial court's order denying her habeas application. The Texas Court of Criminal Appeals, however, has recently held, "The Rules of Appellate Procedure should be construed reasonably, yet liberally, so that the right of appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of a rule. A person's right to appeal a civil or criminal judgment should not depend upon traipsing through a maze of technicalities. We do not require 'magic words' or a separate instrument to constitute notice of appeal." *Harkcom v. State*, 484 S.W.3d 432, 434 (Tex. Crim. App. 2016). Liberally construing the Rules of Appellate Procedure and McCracken's notice of appeal leads us to conclude that McCracken's notice of appeal is sufficient to appeal the trial court's order denying her habeas application. *See id.*

the conviction may be collaterally attacked in a habeas corpus proceeding." *Ex parte Perales*, 215 S.W.3d 418, 419-20 (Tex. Crim. App. 2007) (internal citations omitted); *see also Ex parte Knight*, 401 S.W.3d at 64 (noting claim of no evidence is cognizable). The record must be devoid of any evidentiary support in order for the applicant to prevail. *See Ex parte Knight*, 401 S.W.3d at 64; *Ex parte Perales*, 215 S.W.3d at 420. We construe McCracken's complaint on appeal as a claim that no evidence exists to support the drug-free zone enhancement allegation.

## DRUG-FREE ZONE ENHANCEMENT

McCracken was charged with possession of less than one gram of heroin which is generally punishable as a state jail felony. TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(2), 481.115(b) (West 2010). An offense otherwise punishable as a state jail felony under Section 481.115(b) is enhanced to a felony of the third degree if the evidence establishes that the offense was committed in, on, or within 1,000 feet of a playground. *Id*. at § 481.134(d) (West Supp. 2015). A "playground" is defined as any outdoor facility that is not on the premises of a school and that: (1) is intended for recreation; (2) is open to the public; and (3) contains three or more play stations intended for the recreation of children, such as slides, swing sets, and teeterboards. *Id*. at § 481.134(a)(3).

McCracken contends no evidence established her offense was within 1,000 feet of a playground based on the measurement from the location of her offense to the closest "play station" located in the park referenced in the indictment. The State responds the entire park in which the playground was located is a drug-free zone. McCracken does not challenge the trial court's finding that she committed the offense within 1,000 feet of the "entirety" of the park.

In *Toney v. State*, the Dallas court rejected the same argument McCracken makes in the instant case. No. 05-13-00729-CR, 2014 WL 476104, at *6 (Tex. App.—Dallas Feb. 5, 2014, no pet.) (not designated for publication). In *Toney*, the appellant argued "the statutory definition for

playground does not include the premises surrounding the playground equipment and, therefore, the proper measurement must be from the playground equipment." *Id*. The Dallas court, however, noted it was undisputed that the playground was in Forest Park. *Id*. Because the evidence established the location of the offense was within 1,000 feet from the park, the Dallas court held the evidence was sufficient to establish the offense occurred in a drug-free zone. *Id*.; *see also Ivery v. State*, No. 06-13-00250-CR, 2014 WL 3906192, at *2-3 & n.10 (Tex. App.—Texarkana Aug. 12, 2014, no pet.) (holding evidence sufficient to support drug-free zone enhancement where location of offense was within 1,000 feet of the "described perimeter of a playground [which] is called Pacific Park") (not designated for publication); *Roberts v. State*, No. 11-10-00201-CR, 2012 WL 1143796, at *3 (Tex. App.—Eastland Apr. 5, 2012, no pet.) (holding evidence sufficient to show offense occurred in drug-free zone where the location of the offense was "within 1,000 feet of Coggin Park" and "Coggin Park contained a playground"). Similarly, we reject McCracken's argument in the instant case and hold the 1,000 feet is not measured from the location of the offense to the location of the closest piece of playground equipment but from the location of the offense to the boundary of the park containing the playground equipment. We note that our holding is consistent with the statutory definition because playground is defined as an "outdoor facility" that contains three or more play stations. TEX. HEALTH & SAFETY CODE. § 481.134(a)(3). In this case, the park is the "outdoor facility" that contains the playground equipment.

## CONCLUSION

The trial court's order is affirmed.

Karen Angelini, Justice

DO NOT PUBLISH