

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOS. WR-84,648-01 & -02 & -03

### EX PARTE REED LEWIS ROBERTS, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. 4909-A & 4954-A & 4953-A
### IN THE 216TH DISTRICT COURT FROM KENDALL COUNTY

### **O R D E R**

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of aggravated sexual assault and one count of indecency with a child by contact and sentenced to eighty years' imprisonment in each of the aggravated sexual assault counts, and ten years' imprisonment in the indecency with a child by contact count. The ten year sentence in Cause No. 4954 was ordered to run consecutively to the eighty year sentences in Cause No. 4909 and Cause No. 4953.

On December 28, 2016, the trial court signed findings of fact and conclusions of law recommended denying relief. Findings of fact numbers eight and fifteen erroneously stated that

defense counsel failed to expand his investigation into the mental health history of the Applicant, and that in failing to file a pretrial motion to suppress evidence with respect to the oral confession of the Applicant, there is sufficient evidence to support a finding by a preponderance of the evidence that counsel's conduct did fall below an objective standard of reasonableness under prevailing professional norms. These findings are not supported by the record. Therefore, this Court does not adopt findings eight and fifteen. Applicant's claim concerning attorney fees is dismissed. *In re Daniel*, 396 S.W.3d 545, 548 (Tex. Crim. App. 2013); *Ex parte Knight*, 401 S.W.3d 60, 67 (Tex. Crim. App. 2013). Based on this Court's independent review of the record, and the trial court's other findings of fact and conclusions of law, we find that Applicant's remaining claims are without merit. Therefore, we deny relief.

Filed: March 1, 2017
Do not publish