

IN THE COURT OF CRIMINAL APPEALS
OF TEXAS

NO. WR-72,123-03

Ex parte KIP LEE BENTON, Applicant

ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 29901CR-C
IN THE 40TH DISTRICT COURT FROM ELLIS COUNTY

KELLER, P.J., filed a dissenting opinion in which SLAUGHTER, J., joined as to Part C only.

In this subsequent habeas application, Applicant claims that his convictions for aggravated sexual assault are invalid because the element in his cases that elevates sexual assault to aggravated sexual assault was not part of the statute at the time he committed the offenses. The habeas court has recommended that the application be dismissed, and I agree. Applicant has failed to show an exception to the bar against subsequent habeas applications. He has shown no new facts or law, and, for various reasons, he has not met the requirements of the "innocence" exception to the subsequent-application bar. But even if Applicant had shown an exception to the bar against subsequent applications and even if his claim were shown to have merit, the Court grants the wrong relief when it orders the convictions set aside and Applicant remanded to answer the charges set out in the indictment. Because any infirmity in his convictions relates only to proof of an aggravating element,

the appropriate remedy, if he is entitled to one at all, would be to reform the judgments to show conviction of the lesser-included offense of sexual assault and remand for a new punishment hearing.

### A. Background

Applicant was found guilty by a jury of two aggravated sexual assaults. For both convictions, the aggravating element was that the victim was a disabled person.[1] Applicant's claim is that the aggravating element of "disabled person" in the aggravated-sexual-assault statute did not exist at the time he committed his offenses. He points out, accurately, that the amendment that added that element was effective September 1, 2003.[2] He claims that he was convicted of offenses occurring in June and July of 2003.

### B. Barred Subsequent Application

Because this is a subsequent application, Applicant must meet an exception set out in Article 11.07, Section 4,[3] before the merits of his claim may be considered. The opinion granting relief does not mention that the current application is subsequent or explain how Applicant meets an exception to the subsequent-application bar.

Section 4 provides in relevant part:

> If a subsequent application for writ of habeas corpus is filed after final disposition of an initial application challenging the same conviction, a court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that:
>
> (1) the current claims and issues have not been and could not have been presented

---

[1] *See* TEX. PENAL CODE § 22.021(a)(2)(C). *Compare id.* § 22.021(a)(1)(A) *with id.* § 22.011(a)(1) (sexual assault elements).

[2] Acts 2003, 78th Leg., ch. 896 (S.B. 837).

[3] TEX. CODE CRIM. PROC. art. 11.07, § 4.

previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application;  or

(2) by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt.[4]

In response to the question on the habeas form asking why his current grounds were not presented and could not have been presented in his previous application, Applicant responded:

Prior to the time the initial post conviction writ was filed none of the prior officials or attorneys (the trial attorney for applicant, the trial district attorney, the trial judge, the appellate attorney for applicant, the appellate attorney for the state, and the appellate court) noticed that the two counts of conviction in the indictment alleged the commission of the offense before the offense was made penal.

This explanation is insufficient to meet the first exception to the subsequent-application bar.  The first exception requires that Applicant show a factual or legal basis that was unavailable at the time the previous habeas application was filed.[5]  His contention that various participants in his trial and appeal were ignorant of the legal basis for his claim does not show that the factual or legal basis for his claim was unavailable at the time he filed his first habeas application.  Moreover, the facts and the law upon which he relies—the trial record to establish the dates of his offenses and the effective-date language in the 2003 amendment—were available not only when he filed his first habeas application but also at trial and on direct appeal.

That leaves the second exception, that he plead and prove facts showing "by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have

---

[4]  *Id.* § 4(a).

[5]  *Id.* § 4(a)(1).

found the applicant guilty beyond a reasonable doubt.'"[6] This exception requires a showing of innocence as a gateway that allows a court to reach an otherwise barred constitutional claim.[7] Applicant did not explicitly address this exception in his application, but he made a claim that at least arguably attempts to meet it:

> Applicant should be allowed to present this issue in a second post[-conviction] application because an ex post facto violation is a fundamental defect; the enactment of laws which make an act a criminal offense after its commission is absolutely prohibited. Such an error should be presentable at any time.

It is not enough to say that a particular right is "fundamental" and "can be raised at any time" to avoid the statutory bar against subsequent applications.[8] A statutory exception must still be met.[9] But I will assume that Applicant has raised "innocence" by saying that making an act criminal after its commission is prohibited.

Nevertheless, Applicant falls short of meeting the innocence-gateway exception in at least two respects. First, Applicant has not made the requisite showing of innocence. We have held that an applicant must make a *prima facie* showing of innocence to satisfy the exception.[10] Applicant's

---

[6] *See id.* § 4(a)(2).

[7] *Ex parte Brooks*, 219 S.W.3d 396, 400 (Tex. Crim. App. 2007).

[8] *Ex parte Sledge*, 391 S.W.3d 104, 107-08 (Tex. Crim. App. 2013) (Even jurisdictional claims that we have said can "always" be raised cannot be raised in a subsequent application if an exception in § 4 has not been established.).

[9] *Id.*

[10] *Brooks*, 219 S.W.3d at 400-01. Under the statutory text, which we construe by its plain language absent ambiguity or absurd results, *see Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991), that innocence showing entails a showing that "no rational juror could have found the applicant guilty beyond a reasonable doubt." *See* TEX. CODE CRIM. PROC. art. 11.07, § 4(a)(2).
    In holding that a *prima facie* showing of innocence was required, we analogized to a case that required the habeas applicant to set forth facts that established a *prima facie* showing of a previously

claim of innocence is founded on the same contention as his alleged constitutional violation—that

he was convicted of an offense that was not yet codified at the time of his conduct.  Specifically, his

claim is that the sexual assaults occurred in June and July of 2003 but that the disabled-person

aggravating element became effective on September 1, 2003.[11]

But Applicant has not made a *prima facie* showing that a rational juror could not have found

that the sexual assaults were committed on or after September 1, 2003.  In his application, he points

to the June and July dates in the indictment, but the indictment includes "on or about" language,

which would allow for the offenses to have been committed on or after September 1, 2003.[12]  The

judgments, which are included in the habeas record, set out dates matching those in the indictment.

But assuming that the jury verdicts conformed to the indictment allegations with the "on or about"

---

unavailable legal claim.  *Brooks*, *supra* at 400 (discussing *Ex Parte Staley*, 160 S.W.3d 56, 64 (Tex. Crim. App. 2005)).  It would seem to follow that, because the innocence-gateway exception requires a showing of a constitutional violation as well as innocence, an applicant must make a *prima facie* showing of a constitutional violation as well.  Because Applicant's alleged constitutional violation and his showing of innocence arise from the same facts, a failure to show innocence here might arguably be tantamount to failing to show a requisite constitutional violation, but I need not resolve that question.

[11]  This claim is not strictly one of innocence because he challenges only an aggravating fact that would elevate the otherwise criminal offense of sexual assault to aggravated sexual assault.  *See State v. Wilson*, 324 S.W.3d 595, 598 (Tex. Crim. App. 2010).  But assuming for the sake of argument that his alleged lack of liability for the greater offense would constitute  a sufficient showing of innocence for the purpose of establishing the second exception, he has failed to do so, as I explain below.

[12]  *See State v. West*, 632 S.W.3d 908, 913 (Tex. Crim. App. 2021) ("It is well settled that the 'on or about' language of an indictment allows the State to prove a date other than the one alleged in the indictment as long as the date is anterior to the presentment of the indictment and within the statutory limitation period.").  The indictment was filed on October 6, 2005, and alleged that the offenses in question were committed "[o]n or about June 15, 2003," and "[o]n or about July 15, 2003."

language,[13] we would not be bound by the dates in the judgments because they would fail to reflect the jury's verdicts.[14] The court reporter's record is not in the habeas record, and Applicant does not claim that the evidence at trial shows that the offenses must have been committed before September 1, 2003. The direct appeal opinion seems to indicate that the offenses could have taken place as late as 2004,[15] and the victim was mentally disabled,[16] so it is possible that the victim could not pinpoint the exact dates of the offenses.

Even if Applicant had established that the offenses must have been committed before September 2003, he would fail to meet the innocence-gateway exception for a second reason: He has not met the "but for" clause of the exception. As set out above, the exception requires a showing that "but for a violation of the United States Constitution," no rational jury could have found Applicant guilty.[17] This "but for" clause requires two things: (1) a constitutional violation that (2) is a "but for" cause of a rational jury's verdict of guilt.

Applicant claims that the constitutional violation in this case is an *ex post facto* violation. But an *ex post facto* violation can occur only through legislative action.[18] A trial court's failure to

---

[13] The jury charge and verdict forms are not in the habeas record.

[14] *See Ette v. State*, 559 S.W.3d 511, 515 (Tex. Crim. App. 2018) ("Generally, a trial court has no power to alter a lawful jury verdict unless it is with the jury's consent and before the jury has dispersed.").

[15] *See Benton v. State*, 237 S.W.3d 400, 403 (Tex. App.—Waco 2007, pet. ref'd).

[16] *See id.*

[17] TEX. CODE CRIM. PROC. art. 11.07, § 4(a)(2).

[18] *Ex parte Heilman*, 456 S.W.3d 159, 164 (Tex. Crim. App. 2015).

follow a statute is not an *ex post facto* violation.[19]  With a savings clause, the legislature made the 2003 amendment prospective only—the disabled-person aggravating element applies only to offenses committed on or after September 1, 2003.[20]  So no *ex post facto* violation occurred in Applicant's cases.  Nor is a constitutional error apparent from the indictment, since the "on or about" language allows it to encompass dates that are punishable under the 2003 amendments.[21]  There is a due process right not to be convicted of an offense for which there is no evidence.[22]  Applicant's claim is at least arguably a "no evidence" claim because, if his contention is correct, it would mean that the State did not produce evidence that he committed an aggravated sexual assault.[23]

But even if Applicant's claim is treated as a "no evidence" claim, he fails to meet the "but for" causation element of the innocence-gateway exception.  The plain language of the exception—"but for a violation of the United States Constitution no rational juror could have found . . ."[24]— suggests that the constitutional violation and the defendant's innocence are separate things. We have said that the requirement that a prima facie case of innocence be made is "*in addition* to

---

[19] *Id.* at 165.

[20] Acts 2003, 78th Leg., ch. 896 (S.B. 837), § 2.

[21] *See supra* at n.12.

[22] *Nix v. State*, 65 S.W.3d 664, 669 (Tex. Crim. App. 2001); *Wolfe v. State*, 560 S.W.2d 686, 688 (Tex. Crim. App. 1978).

[23] Applicant's guilt of a lesser offense means he is not making an actual-innocence claim, *see supra* at n.11, but even assuming that a claim like actual innocence could be made for someone shown to be guilty only of a lesser-included offense, the claim would not qualify because there is no newly-discovered or newly-available evidence used to support that claim.  *Ex parte Fournier*, 473 S.W.3d 789, 792 (Tex. Crim. App. 2015).

[24] TEX. CODE CRIM. PROC. art. 11.07, § 4(a)(2).

the claim of a constitutional violation."[25]  Moreover, in holding that a freestanding claim of actual innocence does not satisfy the innocence-gateway standard in federal jurisprudence, the United States Supreme Court has indicated that the alleged constitutional violation must be separate from the showing of innocence: "The fundamental miscarriage of justice exception is available 'only where the prisoner *supplements* his constitutional claim with a colorable showing of factual innocence."[26]  That matters because the subsequent-application provisions in Section 4 were patterned after the federal habeas abuse of the writ doctrine.[27]

Construing Applicant's claim as a constitutional due process claim based on "no evidence" would mean that a constitutional violation would have occurred, at the earliest, when the jury delivered its verdict of guilt.  That sort of constitutional violation would not be separate from the jury's verdict on guilt and, so, could not be a "but for" cause of a rational jury's failure to reject guilt.[28]  Applicant has failed to meet an exception to the bar against subsequent applications.

---

[25]  *Brooks*, 219 S.W.3d at 401 (emphasis added).

[26]  *Herrera v. Collins*, 506 U.S. 390, 404-05 (1993) (emphasis in original).

[27]  *Ex parte Torres*, 943 S.W.2d 469, 473 (Tex. Crim. App. 1997).

[28]  If Applicant were correct that the record showed that his offenses were committed before the legislature enacted the disabled-person aggravating element, it would also be true that his sixty-year sentence would fall outside the range of punishment for the lesser-included offense of sexual assault, which would have carried a maximum sentence of twenty years.  *See* Tex. Penal Code §§ 22.011(f) (second-degree felony), 12.33(a) (maximum twenty years imprisonment).  But an illegal sentence would occur only upon imposition of punishment, after a finding of guilt has already been returned.  A constitutional error that occurs after a finding of guilt cannot be used to meet the innocence-gateway exception.  *Sledge*, 391 S.W.3d at 111 (Because a finding of guilt occurs in a deferred-adjudication proceeding, a constitutional error occurring in a subsequent adjudication proceeding does not show that no rational jury could have found the defendant guilty beyond a reasonable doubt.).

### C. Remedy

But even if Applicant had met such an exception, and even if he had proven the merits of his claim, the Court grants too much relief when it effectively grants Applicant a new trial. When a court determines on direct appeal that the evidence does not support a conviction for the charged offense but does support conviction for a lesser-included offense that was necessarily found by the jury, the appellate court "is authorized—indeed required—to avoid the 'unjust' result of an outright acquittal by reforming the judgment to reflect a conviction for the lesser-included offense."[29]

We should not grant greater relief on post-conviction habeas than we would have granted if the claim had been raised on direct appeal, especially given the limited nature of habeas review. Generally, claims that could have been raised on direct appeal cannot even be considered on post-conviction habeas review.[30] That includes a claim of insufficient evidence.[31] It is true that a claim of "no evidence" is cognizable in habeas proceedings, even though it could have been brought on direct appeal.[32] But the relief we grant on a "no evidence" claim ought to be limited to what could have been obtained on appeal. Otherwise we go beyond merely excusing the failure to raise a particular type of claim that could have been raised earlier to encouraging the practice of delaying such a claim. Such encouragement conflicts with the limited nature of habeas review and the policy

---

[29] *Thornton v. State*, 425 S.W.3d 289, 300 (Tex. Crim. App. 2014).

[30] *Ex parte Beck*, 541 S.W.3d 846, 852 (Tex. Crim. App. 2017).

[31] *Ex parte Knight*, 401 S.W.3d 60, 64 (Tex. Crim. App. 2013).

[32] *Id.* at 64 & n.2.

of finality that the limitations on review serve.[33]  Consequently, the most relief Applicant should be able to obtain would be for his judgment to be reformed to the lesser-included offense of sexual assault and his case remanded for a new punishment hearing.

### D. Disposition

Because I believe Applicant has failed to meet a statutory exception to the bar against subsequent applications, I would dismiss his application.  But even if I agreed that he met an exception, I would not undo his conviction entirely but would, instead, reform his conviction to the lesser-included offense of sexual assault and remand for a new punishment hearing.

I respectfully dissent.

Filed: May 25, 2022

Publish

---

[33] *See Beck*, 541 S.W.3d at 854 (discussing the notion that a claim that is forfeitable on direct appeal should not be treated more favorably on habeas "when the added concern for the State's interest in finality of its judgments weighs heavily against permitting consideration of such complaints").